### C. A. STEINKE V. THE STATE.
*No. 348.    Decided January 20.*
*Motion for Rehearing, Decided February 21.*

1. **Assault With Intent to Rape—Character of Prosecutrix.**—It is always competent in cases of assault with intent to rape to impeach the character of the prosecutrix for want of chastity by proof of general reputation, or acts of illicit intercourse with defendant.   But such testimony is material only where there is some question as to consent of the prosecutrix.   Where force, without consent, is shown to have been used beyond question, evidence of such character would be worse than idle.

ON MOTION FOR REHEARING.

2. **Same—Evidence Insufficient.**—See opinion for facts stated which are *held* to be insufficient to support a conviction for assault with intent to rape.

APPEAL from the District Court of Lamar.   Tried below before Hon. E. D. McCLELLAN.

This appeal is from a conviction for assault with intent to rape, the punishment being assessed at five years in the penitentiary.

The opinion on rehearing sufficiently states the case.

*C. N. Allen*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of an assault with intent to rape one Annie Volmer, and his punishment assessed at five years in the State penitentiary.   On trial the appellant having proved by one Print that the prosecutrix's character for chastity was bad, on

cross-examination by the State the witness testified that one Miss Mason had stated to his wife in his presence that prosecutrix was locked up in a room in an hotel with a man for two hours. Appellant then offered Miss Mason to prove that this statement was true, but, on objection by the State, the testimony was ruled out, and appellant excepted. It is always competent, in cases of this kind, to impeach the character of the prosecutrix for want of chastity, not to justify or excuse the act, but to raise the presumption of consent. The proof may be made by general reputation, or by acts of illicit intercourse with appellant himself. Wilson's case, 17 Texas Crim. App., 533. But we may concede that the rule might be extended to proof of illicit intercourse with other men. People v. Abbot, 19 Wend., 194; Benstine v. The State, 2 Lea, 169. Still the ruling of the court would not be reversible error. Such testimony becomes material only where there is some question as to the consent of the prosecutrix. In this case there seems to be no question as to the force used and the want of consent. As said by the court in the Wilson case, supra, rape may be committed on the most notorious prostitute, and, if the physical facts and personal violence are proven, it were worse than idle to attempt to rebut them simply by proof of the want of chastity. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.


ON MOTION FOR REHEARING.

SIMKINS, JUDGE.—Appellant moves for a rehearing on the ground that the evidence is insufficient to sustain the charge. It is shown by the evidence that the two witnesses who corroborated the testimony of Mrs. Volmer, the party on whom the assault was made, lived in a house only thirty feet from the place where the assault was committed; and the windows were open, it being in July. It is further shown that Mrs. Volmer went to live in appellant's house and to be supported by him. That he was an unmarried man, living alone in his house. That on the third night after her arrival he had a talk with her, and told her he was coming to her room. She told him he had better not; that she would cut him. That they talked about it half an hour, and she retired. Appellant went to her room, and in the struggle that ensued, Mrs. Volmer, finding him too strong for her, hallooed to the old negro living next door, and appellant went out of the room, and sat on the piazza until arrested. While the evidence clearly shows an aggravated assault, we are inclined to believe, after a more thorough examination of the evidence, that appellant did not intend to commit a rape upon Mrs. Volmer. Appellant seems to be a man in humble circumstances and surroundings, and with perhaps

a not high ideal of female virtue; and the fact that a widow with her child should come to live with him, having no personal claim upon him, may have led him to suppose that she would yield to his desires if he was sufficiently persistent. When he went to her room on the third night it was with the knowledge that the said room was situate so close to his neighbors that any noise could be heard, and that, if Mrs. Volmer was unwilling, she could summon assistance at once. Had appellant attempted to prevent her from crying out, or had the relative situation of the parties been different, a very different question would have been presented. But in the case at bar the parties were of the same social condition; were friends or old acquaintances; that before he went to her room he gave her notice that he was coming, which is very unusual in rape cases; and it further appears that the struggle was carried on sometime in silence, and that appellant desisted as soon as Mrs. Volmer called aloud. Under these facts we can not affirm the judgment and say appellant intended to commit a rape. Rehearing granted, and judgment reversed, and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.