AB. KNOWLES v. THE STATE.

No. 2588. Decided December 11, 1902.
Motion for Rehearing Decided February 18, 1903.

**1.—Second Continuance.**

A second application for continuance is properly refused where the proposed testimony was purely cumulative.

**2.—Venue of Prosecution—Evidence—Statements of Prosecutrix.**

On a trial for rape of a female under 15 years of age, it is competent, as going to prove the venue of the prosecution, that four or five months after the crime the prosecutrix showed her father the locus of the crime. Such evidence was admissible to enable other witnesses to testify that the locality was in the county of the prosecution.

**3.—Rape—Age of Prosecutrix—Her Statement as to.**

On a trial for rape of a female under the age of 15 years, it is competent for the prosecutrix to testify that she knew her age from the family Bible, and from what her mother had told her; this evidence being supplemented by the introduction in evidence of the Bible containing the family record.

**4.—Same—Hearsay Evidence.**

On a trial for rape of a female under the age of 15 years, it is not competent for defendant to prove that prosecutrix had told defendant's brother that she was over the age of consent, and that his brother had so told defendant. The testimony is hearsay and inadmissible.

**5.—Same—Evidence.**

On a trial for rape, it is competent to prove by the father of prosecutrix, that on the night of the alleged offense he searched for his daughter in the

village and could not find her. This evidence tended to corroborate the testimony of the prosecutrix as to the locus of the crime outside the village on that night.

**6.—Bill of Exceptions to Exclusion of Evidence.**

A bill of exceptions to the exclusion of the answer of a witness is insufficient which does not show what the answer of the witness would have been.

**7.—Rape—Corroboration of Prosecutrix—Charge.**

On a trial for rape, a requested instruction to the effect that while prosecutrix need not be corroborated, still the jury should carefully consider her evidence, was properly refused as being upon the weight of evidence.

## ON REHEARING.

**8.—Rape—Impeachment of Prosecutrix.**

On a trial for rape of a female under the age of 15 years, where the prosecutrix had testified that she had never had carnal intercourse with anyone but defendant, and that he was the father of her child, it was competent for defendant to prove that she had had such intercourse with other parties as might have made them the father of her child. Following Bice v. State, 37 Texas Crim. Rep., 43. Brooks, Judge, dissenting from this proposition.

Appeal from the District Court of Bosque. Tried below before Hon. W. Poindexter.

Appeal from a conviction of rape of a female under 15 years of age; penalty, five years imprisonment in the penitentiary.

The indictment charged appellant with the rape of Ethel Stoval, a female under the age of 15 years, on the 25th day of December, 1900.

*Lockett & Cureton* and *William Knight,* for appellant.—The court erred in refusing to permit the defendant to prove by the witnesses Shaffer, Lowrance, Mitchel and Cummins that Ethel Stoval had had sexual intercourse with other persons than the defendant prior to and within a few weeks of the alleged assault by this defendant, which evidence was material to contradict the prosecuting witness and to rebut her evidence of the assault by the defendant.

The court erred in refusing to permit the defendant to prove that the general reputation of Ethel Stoval was bad for chastity in the community in which she lived prior to December 25, 1900. This testimony was admissible as tending to rebut her testimony as to the alleged assault, and to affect her credibility as a witness, and to rebut her evidence that the defendant was the father of her child.

Where the prosecuting witness has testified that the defendant is the father of her child, and that she never had sexual intercourse with any person other than the defendant, and with him only upon the occasion of the alleged rape, it is proper evidence and the right of defendant to show that the witness had intercourse with other men prior to the alleged assault by him, as tending to show that some one other than himself is the father of the child.

Where the prosecuting witness has testified that the defendant is the father of her child, and that she never had sexual intercourse with any person other than the defendant, and with him only upon the occasion of the alleged rape, it is proper evidence and the right of the defendant

to show that her reputation for chastity was bad prior to the alleged rape, and that prior to that time she had had sexual intercourse with men other than himself. Bice v. State, 37 Texas Crim. Rep., 43.

In bastardy proceedings evidence of the reputation of the mother for chastity is admissible as bearing upon the question of the paternity of the child, and to impeach her testimony. 3 Am. and Eng. Enc. of Law, p. 882, and cases cited under note 1. As to intercourse with other men, see also 3 Am. and Eng. Enc. of Law, pp. 882 and 883, and cases cited under note 1 of the latter page.

*H. S. Dillard,* County Attorney; *W. L. Alexander,* Assistant County Attorney, and *Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of rape upon a female under the age of 15 years, and given five years in the State penitentiary.

Bill number 1 complains of the action of the court overruling the application for continuance. This was the second application, and the explanation of the trial judge to the bill and an inspection of the evidence shows that the testimony was purely cumulative. There was no error in refusing the continuance.

The second bill complains of the court permitting the State to show by prosecutrix that some four or five months after the alleged crime she took her father to the pasture in which the crime was committed, and pointed out the place. The seventh bill complains that the court erred in permitting the father to testify to this fact, and to further state that said place was in Bosque County. The trial court states that this evidence was admitted for the purpose of locating the place by the prosecutrix, in order that other witnesses might testify that particular place was in Bosque County. The evidence was so limited in the charge. The usual manner of locating the place is for the witness to describe the place if he does not know in what county it is situated, and then for witnesses to be placed on the stand and testify that said place is or is not in the particular county. However, we see no objection to proving the matter as was done in this case.

Appellant also complains that the court erred in permitting the prosecutrix to testify that she knew her age from an inspection of the family Bible, which stated it, and from what her mother taught her. The bill shows that appellant asked the witness how she knew her age, to which she replied, "From the family record." She was then asked if she knew it from the family record only, and she replied that she knew it from the record and from what her mother taught her. The court in his explanation, states that such record was put in evidence, and spoke for itself. We do not think there was any error shown by said bill. Tull v. State (Texas Crim. App.), 55 S. W. Rep., 61.

Bills of exception numbers 4, 9 and 10, complain that the court erred in not permitting appellant to ask prosecutrix, for the purpose of laying a predicate to impeach her, as to whether or not she had had previous

carnal intercourse with other parties than defendant, and to prove by said other parties that they had had carnal intercourse with prosecutrix, and that her general reputation for chastity was bad. There was no error in this, since the question as to whether or not prosecutrix consented to the rape is not a matter·to be inquired into, and it becomes immaterial and irrelevant whether or not prosecutrix had had carnal intercourse with other parties, she being under the age of consent. Favors v. State, 20 Texas Crim. App., 155; Wilson v. State, 17 Texas Crim. App., 525. In Thomas v. State (decided at the present term), 72 S. W. Rep., 178, the motion for new trial complained that the court erred in not giving special instructions requested to the effect that the reputation and condition in life of prosecutrix, as well as defendant, should be viewed by the jury in the light of mitigating the punishment. We held that such a charge would be upon the weight of the evidence, and not the law. Lawson v. State, 17 Texas Crim. App., 302; Kennon v. State (Texas Crim. App.), 42 S. W. Rep., 378; Steinke v. State, 33 Texas Crim. Rep., 66.

In bill number 5 appellant complains that the court erred in refusing to permit him to prove by appellant's brother that said brother had a conversation with prosecutrix, in which she told him that she was over the age of consent, and that he communicated this fact to appellant. In his explanation to the bill the court states that the evidence going to show that prosecutrix had declared she was over the age of consent was admitted, but he declined to admit evidence to the effect that the brother of appellant communicated this fact to appellant. This testimony is hearsay, and not admissible.

Upon the trial the court permitted the State to show by the father of the prosecutrix that on the night the crime was alleged to have been committed he searched for his daughter in the town of Valley Mills, and could not find her. The court, in his explanation to the bill, states that this evidence was material to show that the girl was out with defendant during the night, and tended to show that defendant did not go to Valley Mills that night, as he stated to his brother that night he was going to do. This circumstance would be pertinent evidence going to corroborate the testimony of prosecutrix, and, however remote or weak it might appear, would only go to the weight, and not to the admissibility, of the testimony.

The eighth bill complains that the court should have permitted appellant to show by his brother that the sister of prosecutrix stated to appellant's brother, in the presence of prosecutrix, what the age of prosecutrix was. An examination of the bill shows that the answer of the witness would have been that prosecutrix's sister said that prosecutrix was —— years old. The court states that no predicate was laid for the introduction of this testimony to impeach the prosecutrix. For aught the bill shows, the answer might have been against appellant's interests, since it does not state what the age of prosecutrix was, merely saying that she was —— years old.

Appellant also complains because the court did not charge the jury, as requested, that, while prosecutrix in a rape case need not be corroborated, still the jury should be instructed to carefully consider her evidence. This charge is upon the weight of the evidence, and the failure to give the same was not error.

There is a great deal of testimony in the record pro and con upon the question of rape. The jury has settled the controversy against appellant, and the evidence is sufficient to support their finding.

The judgment is accordingly affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

BROOKS, JUDGE.—This case was affirmed at the Tyler term, 1902, and now comes before us on motion for rehearing.

Appellant insists, "that the court has misconceived the point raised by his bills of exception numbers 4, 9 and 10, because in the latter part of that paragraph of the opinion, discussing these bills, the court used the following language: 'There was no error in this, since the question as to whether or not prosecutrix consented to the rape is not a matter to be inquired into.' Appellant insists that the question of consent is not raised in his brief at all, but that the point raised is, that prosecuting witness Ethel Stoval having testified that appellant was the father of her child, and produced the child in court to corroborate her testimony, and also having testified that she never had sexual intercourse with any other person; thereupon appellant proposed to contradict her testimony by showing that it was not true, and that she had intercourse with various parties named in said bills of exception at a time not so remote but what these parties could have been the father of this child."

The writer is still of opinion that this evidence is inadmissible. Mr. Greenleaf, in his work on Evidence, uses this language: "The character of prosecutrix for chastity may be impeached, but this must be done by general evidence of her reputation in that respect, and not by evidence of particular instances of unchastity. Nor can she be interrogated as to a criminal connection with any other person, except as to her previous intercourse with the prisoner himself. Nor is such evidence of other instances admissible." This proposition is supported by the great weight of American authorities. See 5 Am. and Eng. Enc. of Law, 2 ed., p. 878; 3 Rice on Ev., p. 825; Wharton's Crim. Law, sec. 568; 2 Bishop New Crim. Proc., secs. 965, 966; Smith v. State, 80 Am. Dec., 355, and notes; Rice v. State, 48 Am. St. Rep., 247; State v. Campbell, 20 Nev., 125. And has been so held in this State as early as Pefferling's case, 40 Texas, 486, and approved in Dorsey v. State, 1 Texas Crim. App., 35; Jenkins v. State, 1 Texas Crim. App., 354; Mayo v. State, 7 Texas Crim. App., 349; Lawson v. State, 17 Texas Crim. App., 302; Wilson v. State, 17 Texas Crim. App., 533. Judge Moore, delivering the opinion in the Pefferling case, supra, used this

language: "The inquiry is for the purpose of proving the character, and it would operate a surprise if any inquiry as to particular instances of immorality or intercourse with particular persons was permitted to establish the character of the witness who, as has been said, can not be supposed to come prepared to defend her character except against a general attack," citing a great number of authorities. But it may be insisted that this testimony is admissible to contradict prosecutrix. If so, it is on an immaterial issue, because she is under the age of consent, and the general reputation of prosecutrix has nothing whatever to do with the question in this case, as it is a violation of law to have carnal knowledge of her person with or without her consent. Lawson v. State, 17 Texas Crim. App., 292; Steinke v. State, 33 Texas Crim. Rep., 66; Favors v. State, 20 Texas Crim. App., 155; People v. Johnson, 106 Cal., 294; Underhill on Crim. Ev., sec. 418; McClain Crim. Ev., sec. 460; State v. Duffey, 128 Mo., 549; People v. Abbott, 97 Mich., 484. If specific acts of intercourse are not admissible where appellant is on trial for rape upon a matured woman, but only general reputation or specific acts of intercourse with defendant, there can be no good reason why the same rule would not apply to prosecutrix under the age of consent. All the authorities hold that the general reputation of prosecutrix, or specific acts of intercourse with the defendant, are only admissible on the question of consent; and the authorities hold that it is the duty of the court to limit it to this purpose. Then, clearly, it would be inadmissible for any other purpose.

But appellant insists that the State, having proven by prosecutrix that appellant was the father of her child, he should then be permitted to contradict her by proving previous acts of intercourse with other parties who had opportunities of becoming the father of the child; and that their testimony would have shown that they did have such intercourse at a time that would make it appear they could have been the father of the child. Concede it. It is immaterial in this case whether appellant was the father of the child. If he had carnal intercourse with prosecutrix, he is guilty of rape, whether with or without her consent. The fact that he is the father of the child makes him none the less or more guilty. Defendant could have objected to the testimony when the State proposed to prove that he was the father of the child, as it was wholly immaterial whether he was the father of the child or not. The following authorities hold that, where the question is asked prosecutrix whether or not she has had intercourse with other parties than the accused, her answer is conclusive, upon the theory that it is an inquiry into an immaterial matter, and can not be pursued further. Reg. v. Holmes, 12 Cox, C. C., 137; same case, L. R. I. C. C., 334; Reg. v. Cockcroft, 11 Cox, C. C., 410; People v. Jackson, 3 Parker, Crim. Rep., 391. However, as appellant insists, the case of Bice v. State, 37 Texas Crim. Rep., 43, is exactly in point, supporting his contention. In that case appellant offered to prove by the witness F. T. Kinman that on two occasions about the 1st of September he saw prosecutrix in the act of inter-

course with one Jim Kinman. The court there held that the testimony should have been admitted to refute the facts and circumstances in evidence tending to establish pregnancy of the said Minnie Cannon on account of her alleged intercourse with said defendant. The writer does not agree with this decision, but the majority of the court hold that the same is correct, and under the authority of said case the motion for rehearing is granted, and, on account of the failure of the court to permit the introduction of said testimony, the judgment is reversed and the cause remanded.

*Motion granted and case reversed and remanded.*

DAVIDSON, PRESIDING JUDGE.—The question of consent vel non is not the issue relied on by appellant. Therefore the authorities collated by Judge Brooks are not applicable. The question here is the same as in Bice's case, 37 Texas Crim. Rep., 43, which announces the correct rule on the question involved, and is decisive of this rehearing favorably to appellant.

Henderson, Judge, concurs.