### Fare Foreman v. The State.

No. 919.     Decided January 25, 1911.

**1.—Rape—Evidence—Limitation.**

Where, upon trial of rape, limitation was the principal issue in the case, it was reversible error to exclude testimony that other parties had had inter-

course with the prosecutrix, to show the paternity of her child as well as to impeach her testimony.

**2.—Same—Evidence—Cross-Examination.**

Upon trial of rape it was reversible error not to permit the defendant to cross-examine prosecutrix with reference to the time that she claimed defendant had the last act of intercourse with her, by calling attention to the circumstances by which she fixed the time; and also to cross-examine her as to all matters bearing upon the issue of limitation which was the principal issue involved and to show further that other parties who had intercourse with her were responsible for the paternity of her child.

Appeal from the District Court of Cherokee. Tried below before the Honorable Jas. I. Perkins.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Donley & Guinn,* for appellant.—On question of excluding testimony of intercourse by other parties: Pridemore v. State, 59 Texas Crim. Rep., 563, 129 S. W. Rep., 1112; Skidmore v. State, 57 Texas Crim. Rep., 497; Bice v. State, 37 Texas Crim. Rep., 38; Bader v. State, 57 Texas Crim. Rep., 293; Knowles v. State, 44 Texas Crim. Rep., 322.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of rape upon a girl under fifteen years of age, his punishment being assessed at five years confinement in the penitentiary.

It is a conceded fact that appellant had intercourse with the girl. It is a conceded fact that she gave birth to a child on the 30th of December, 1907. The girl testified that appellant engaged in two acts of intercourse with her, one in 1905, and the other subsequently. The indictment was returned against appellant in the latter part of January, 1908. The girl also testified that the last act of intercourse was seven or eight months prior to the birth of her child; that Ben or Will Williams also had intercourse with her after the last act which she testified about occurring between herself and appellant, and that Williams was the father of her child and not appellant. Appellant testified that he had two acts of intercourse with the girl, one in 1905, and the other in November, 1906, more than twelve months prior to the return of the indictment. The question at issue and fought out in the court below was not the innocence of the defendant, or to show he had not had intercourse with the prosecutrix, but that more than twelve months had elapsed at the time of the return of the indictment, and that the cause of action was therefore barred by the statute of limitation. This, we judge from the record and contentions of the parties, was the crucial and main point in the case. If appellant's testimony is true the action was barred. If the prosecutrix' testimony is true it was not barred. The child is supposed to have come in the

ordinary period of gestation. At least there are no facts showing that
it was an immature child, the evidence being that the child was born
on the 30th of December, 1907, and was still living at the time of the
trial, and this occurred on June 30, 1910. Appellant offered quite a
lot of testimony to attack the evidence of the prosecutrix. First, to
show that her testimony was false as to her statement that any act of
intercourse occurred between them during the year 1907, and among
other things to support this view of the case he introduced evidence to
show that he was not in the country at the time, and placed in such
position that he could not have had intercourse with her as she testi-
fied. Second, to show that her testimony was false in regard to her
statement that her husband was the father of the child, she having
testified that he had had intercourse with her some time after appellant,
during the year 1907, and that that was the only time that he had had
intercourse with her, and that this act came so close to the birth of the
child that it was a physical impossibility that he could have been the
father of the child, and that her testimony was false in this regard.
He then offered testimony to show that other parties had had inter-
course with her in the year 1907, in the early part of it, coming down
to the month of April. This seems to have been offered both as orig-
inal and impeaching testimony. If her testimony is true that her hus-
band had intercourse with her after she says appellant did, and between
the latter act of appellant and birth of her child, as she testified, her
husband could not have been the father of her child. If the other
parties mentioned in the evidence had intercourse with the prosecutrix
in the early part of 1907, as offered by appellant, this would tend to
show that one of them was the father of the child. This became an
important fact, because around these questions and these matters hung
the question of limitation. They were strongly in aid of appellant's
alibi and strongly contradictory of the testimony of the prosecutrix.
The question of limitation being denied by the State's evidence and
asserted by that of the appellant, it became a serious question on the
trial as to whether this indictment could be maintained under that
plea of limitation. We are of opinion that this testimony was admis-
sible. See Bader v. State, 57 Texas Crim. Rep., 293; Bice v. State, 37
Texas Crim. Rep., 38; Knowles v. State, 44 Texas Crim. Rep., 322;
Skidmore v. State, 57 Texas Crim. Rep., 497; Pridemore v. State, 59
Texas Crim. Rep., 563, 129 S. W., 1112. The cases of Bader, Bice
and Knowles, supra, were rape cases, and the girls in each instance
were under the age of fifteen years at the time of the alleged rape.
The prosecutrix also testified that she had not had intercourse with
other men than her husband, Williams, and appellant, and it may be
stated in this connection also that he proposed to prove her statements
to others that she had had intercourse with the other men mentioned
at the time contended for by the appellant. In view of the fact that
it was a direct issue as to the time when appellant had his last act
of intercourse with the prosecutrix, we think this testimony should

have gone to the jury, it bearing upon the truthfulness of the prosecutrix and also the relation to the question of limitation.

There is another question arising out of the rejection of testimony by the court. The appellant proposed to cross-examine the witness directly with reference to the time that she says appellant had the last act of intercourse, by calling attention to the circumstances by which she fixed the time; and also to cross-examine her in relation to the time of the last menstrual discharge in this connection. In other words, they complain that the court did not permit them to go fully into the cross-examination of the girl in regard to these matters. The court's ruling indicates that he regarded the intercourse with others as being wholly immaterial upon the general proposition that it could not be plead in justification of his intercourse with the girl. This would be a correct position if that was the question involved. We think the authorities are clear that the party having intercourse with a girl under fifteen years of age could not justify himself for his act because she may have had intercourse with other men. That question is not here involved. The question was one of limitation, and these facts were sought first to show limitation, and second, impeachment. It may be also stated that it is not always the case that such evidence can be introduced for impeachment, but we are not entering into any discussion of that question now and here, but, under the circumstances of this case, we are of opinion that this was important testimony to the defendant in regard to the two questions involved, and the exclusion of the testimony was of a material character. It is evident that under her testimony her husband could not have been the father of her child, and she could not state the time of the intercourse, and did not state the time of the last intercourse with the appellant any more specifically than that it was seven or eight months prior to the time she gave birth to the child. If appellant was out of the country and did not have intercourse with her, of course, he could not have been convicted under this indictment, and it was competent to show that other men had intercourse with her in order to show that her testimony in regard to her alleged intercourse 'with the man who afterward became her husband was untrue, and also to show that the other parties who had intercourse with her at the proper time may have been the father of her child, as well as to disprove her evidence in regard to the last act of intercourse with appellant. These questions, we think, bore directly upon the issues suggested by appellant for reversal, and because of their rejection by the court the judgment is reversed and the cause is remanded.

*Reversed and remanded.*