# JUNE, 1925.

### HOLLIS ATKEISON v. THE STATE.

#### No. 9169. Delivered June 3, 1925.

**1.—Assault to Rape—Evidence—Improperly Excluded.**

Where on a trial for rape the State relied for a conviction on the corroboration of prosecutrix's testimony, that she had given birth to a child, claimed to be the child of appellant, it was error to refuse to permit appellant to show that during the time of his associations with prosecutrix that she knew other young men, and kept company with other young men. Following Baden v. State, 122 S. W. 556.

**2.—Same—Argument of Counsel—Held Reversible Error.**

Where on a trial for rape, private prosecutor argued to the jury that the brother of prosecutrix had made the complaint against appellant, instead of taking a shot gun and shooting him, because of his confidence in the integrity, and justice of the courts, and appealed to the jury to convict appellant in order to sustain his confidence in the courts, such inflammatory argument necessitates a reversal of the case. Following Thompson v. State, 26 S. W. 987 and other cases, and the recent case of Master v. State, not yet reported, directly in point.

Appeal from the District Court of Knox County. Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction of an assault to rape; penalty, two years in the penitentiary.

The opinion states the case.

*J. A. Wheat,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—Appellant was convicted in the district court of Knox County for the offense of assault to rape, and his punishment assessed at confinement in the penitentiary for a term of two years.

The prosecutrix testified that on or about the last of January, 1922, she and the appellant while in an automobile stopped by the side of the road and placed themselves on the back seat thereof and he with her consent indulged in such licentious familiarity with her.

The State was also permitted to prove over appellant's objection that on the 27th of November, 1923, the prosecutrix gave birth to a child. The testimony was also admitted over appellant's objection to the effect that appellant frequently had intercourse with the prosecutrix after the time of the alleged assault. Prosecutrix at the time of the alleged assault was under the age of consent.

The appellant seriously complains by bill of exceptions to the action of the court in refusing to permit him to prove by prosecutrix that during the time appellant was keeping company with her that she knew other young men and that during said time she kept company with other young men. An objection to this testimony was sustained by the trial court on the ground that it was immaterial and irrelevant. The testimony was offered by appellant for the purpose of refuting the theory of the State that the defendant was the father of the child of the prosecutrix and to show that she had opportunity to have intercourse with young men other than the appellant. It was not contended by appellant that the mere fact that prosecutrix may have had opportunity to have intercourse with other men or even the fact that she had intercourse with other men would be any defense to the assault if made but, as we understood it, it was appellant's theory that this evidence was admissible and was offered for the purpose of explaining, consistent with appellant's innocence the condition of the prosecutrix. This testimony was clearly admissible. Baden v. State, 122 S. W. 556. Rice v. State, 38 S. W. 803. Knowles v. State, 72 S. W. 398; 44 Texas Crim. Rep. 322.

It is a well settled rule in this state that any evidence that will tend in any degree to explain a situation, in a manner consistent with the innocence of the party on trial, is admissible and is relevant and material. In this case, the State has shown by prosecutrix that appellant had associated with her, that he had attempted to rape her and that he had later frequently had intercourse with her and by prosecutrix's mother had shown that she had during the time appellant and she were associated together given birth to a child. Appellant strenuously denied the assault for which he was tried, and denied any act of intercourse with the prosecutrix. Under this condition of the record, to deny him the right to show that others were in a position to have been the cause of her condition was equivalent to denying him the right to defend against the charge for which he was being tried.

Appellant complains of the argument of the private prosecution in the case, which is as follows:

"Gentlemen of the jury, look at this defendant with his lily white hands and pink cheeks. It is your duty to convict him. He is guilty of the crime for which he is charged, and when the brother of the prosecutrix, R. D. Tompkins, made the complaint against the defendant for rape, he was calling to his aid the courts of the country instead of taking his gun and going out and shooting the defendant. The said R. D. Tompkins has confidence in the court and in the jury, and it is your duty to convict the defendant in order to sustain the confidence of the said R. D. Thompkins and others in the integrity and justice of the courts and to keep big old town boys like this defendant from going about over the country raping little country girls."

This argument was clearly error. Thompson v. State, 26 S. W. 987. Cooper v. State, 163 S. W. 428. Sorrell v. State, 167 S. W. 356. Carter v. State, 221 S. W. 603. Stanchel v. State, 89 Texas Crim. Rep. 358; 231 S. W. 120.

In the very recent case of Masten v. State, not yet reported, an argument in no wise dissimilar to the one here discussed was condemned by this court. In the Masten case, the following argument was used:

"John Henard is to be commended for bringing this case into court instead of taking the law into his own hands as you, gentlemen of the jury, or I would have done."

Commenting on that argument the following language was used:

"Under the guise of earnest and impassionate debate in behalf of law enforcement counsel will not be permitted to say by unmistakable inference or otherwise, that in his opinion the party on trial is so clearly guilty that had counsel been in the place of the father of the prosecutrix he would have visited summary punishment upon the defendant."

Extraneous matters that incite race or class prejudice certainly have no place in the courthouse and this is especially true in a case of this character. Derrick v. State, not yet reported.

Appellant assigns various other errors in his brief, but in view of the fact that these will probably not occur on another trial of the case, we do not deem it necessary to consider them.

For the errors above mentioned, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.