## OLAN MANEY v. THE STATE.

No. 14608.   Delivered December 16, 1931.

The opinion states the case.

*Jess Owens,* of Vernon, and *Davenport & Crain,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment, in substance, that appellant had carnal knowledge of Alma Bell Walton, a female under the age of eighteen years. It was undisputed that prosecutrix was between seventeen and eighteen years of age. In the charge the court submitted the issue as to whether prosecutrix was of previous chaste character.

Prosecutrix testified, in substance, as follows: She had known appellant for approximately three months. On the occasion of the transaction resulting in the indictment she had been with appellant from six o'clock in the evening until three o'clock the next morning. She and appellant had gone to a party with several other young people. Several of the young men and women became drunk. Prosecutrix and appellant did not drink any of the liquor, although on occasions prosecutrix had drunk whisky and one one occasion had become drunk. After the party appellant carried the other people home in his automobile, but instead of complying with the request of prosecutrix that he take her home he drove down an alley and stopped his car. Appellant sought to have sexual intercourse with

her, twisting her arm and pulling her over in the back seat of the auto-mobile. He pulled up her dress, took off her underwear and had a complete act of sexual intercourse with her against her will. The act caused her pain. When she reached home she reported the matter to her mother. Her underwear had some blood spots on it. The following day she went to a doctor on account of the fact that her arm and shoulder hurt. He placed her arm in a sling. She had some bruised places on her body. The doctor made no examination of her private parts. She frequently had gone to parties where intoxicating liquor was served. On one occasion prior to the assault by appellant she had gone with a girl by the name of Blanche Hill to Oklahoma to see a young man by the name of Clarence Schultz. She and her girl companion spent the night in a tourist camp. Clarence Schultz did not spend the night with her in the tourist camp. The authorities at Hobart, Oklahoma, placed the girls in jail, but later released them when their parents came for them. Prosecutrix had frequently permitted young men to kiss her.

Prosecutrix's mother corroborated her testimony as to her physical condition and the condition of her clothing immediately after the alleged assault.

The physician referred to in the testimony of prosecutrix testified that he remembered prosecutrix coming to him with the statement that her arm was sore. He said he told her to put it in a sling.

Testifying in his own behalf, appellant admitted that he had sexual intercourse with prosecutrix and declared that she had voluntarily engaged in the act with him. He said that prosecutrix had previously promised to bestow sexual favors upon him. He testified that he had no difficulty in penetrating prosecutrix's private parts. He declared that he had not twisted prosecutrix's arm. He said prosecutrix told him she. had hurt her arm.

Clarence Schultz had been summoned by the state as a witness. Appellant's counsel talked to the witness prior to the trial and was advised by him that he knew nothing about the case. He refused to divulge to appellant's counsel the nature of his testimony. After the state and appellant had closed their testimony and before the charge had been read to the jury appellant was informed by a third party that if he would call Schultz as a witness he would give testimony very material to his defense. Upon request by appellant's counsel, the court permitted the case to be reopened. Schultz being called as a witness, testified he had spent the night in a tourist camp in Hobart, Oklahoma, with prosecutrix; that he had slept in the same bed with prosecutrix and had had intercourse with her on that night.

In his motion for a new trial appellant set up newly discovered evidence, it being averred in the motion that immediately after the trial appellant's counsel went to Hobart, Oklahoma, for the purpose of talking

to the county attorney and other officials. It was further alleged that the county attorney would testify that prosecutrix's companions were placed in jail in Hobart, Oklahoma, and that prosecutrix had admitted to him on that occasion that she had had sexual intercourse with Clarence Schultz in the tourist camp; that the witness would appear and testify in the event a new trial was granted, or that his deposition might be taken by appellant. It was averred that the proprietor of the tourist camp would testify that prosecutrix and Clarence Schultz slept in one of his cabins on the night in qustion. The affidavits of the witnesses were appended to the motion showing that the witnesses would give the testimony set forth in the motion. At this point we quote from appellant's bill of exception as follows: "Be it remembered that the district attorney filed an answer denying generally the matters set out in defendant's motion for a new trial, but the answer of the state upon the part of the district attorney was not sworn to, and the state offered no testimony on the hearing of the motion for a new trial, but the district attorney stated to the court in open court that he had been to Hobart, Oklahoma, and had personally interviewed the persons whose affidavits are attached to the motion for a new trial and that said persons told the district attorney substantially the same facts which are set out in the affidavits, except that the parties were arresed on account of a hot check that had been given by Alma Bell Walton (prosecutrix), and be it further remembered that the affidavits attached to the defendant's motion for a new trial were all of the evidence which was introduced by either side upon the hearing of said motion. Be it further remembered that after the hearing of said motion, the judge in open court announced that this case had caused him considerable worry, and that there was some doubt in his mind as to whether or not he should grant the defendant a new trial, but that after deliberation, he had reached the conclusion that the defendant's motion for a new trial did not meet the requirements of the law with reference to newly discovered evidence, and that in his opinion the newly discovered evidence was in the nature of impeaching testimony, and was cumulative, and that therefore, he did not feel that he should, under the circumstances, disturb the verdict of the jury and grant the defendant a new trial."

There appears to have been no question as to diligence. While in a sense impeaching, the testimony the witnesses would give is admissible as original evidence on the question of the chastity of prosecutrix. See Foreman v. State, 61 Texas Crim. Rep., 56, 134 S. W., 229.

As to the question of the testimony being cumulative, we quote the rule announced in Riojas v. State, 36 Texas Crim. Rep., 182, 36 S. W., 268, 270, as follows: "There are often various distinct and independent facts going to establish the same ground on the same issue. Evidence is cumulative which merely multiplies witnesses to any one or more of those facts before investigated, or only adds other circumstances of the same general char-

acter. But that evidence which brings to light some new and independent truth of a different character, although it tend to prove the same proposition or ground of claim before insisted on, is not cumulative, within the true meaning of the rule on this subject."

It is not clear that the newly discovered evidence is purely cumulative. In any event, we think this case is within the holding in Spencer v. State, 69 Texas Crim. Rep., 92, 153 S. W., 858. In that case it was said: "Viewing the record as a whole, we do not think this alleged newly discovered evidence can be said to be only cumulative in the legal sense of those words; but, if it should be so held, then this case presents one of those rare instances where the evidence adduced on the trial renders it questionable as to whether appellant is guilty of any wrongdoing; and, while we would not feel authorized to disturb the verdict on account of this conflict in the testimony, yet a new trial should be granted to enable appellant to place before a jury of his countrymen this additional testimony, coming, as it does, from a credible source, before being branded as a felon. While the interests of society require that those who violate the law shall be punished and restrained, yet the state desires no innocent man to suffer, and a greater crime is committed against society when a person, guilty of no offense, is wrongfully made to wear prison stripes than when one guilty is permitted to escape."

See also Long v. State, 77 Texas Crim. Rep., 426, 179 S. W., 564; Gainer v. State, 89 Texas Crim. Rep., 538, 232 S. W., 830; Eppison v. State, 82 Texas Crim. Rep., 364, 198 S. W., 948.

The issue as to whether prosecutrix was of previous unchaste character was closely contested. The facts proposed to be proved by the witnesses are inconsistent with the state's case. In the light of the record, we are unable to say that it is not reasonably probable that the testimony mentioned would have produced a result more favorable to appellant. See Flewellen v. State, 113 Texas Crim. Rep., 22, 18 S. W. (2d) 1087.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.