# OCTOBER 18, 1933

## B. Cruiz v. The State.

No. 15976. Delivered June 7, 1933.
Rehearing Denied October 18, 1933.
Reported in 63 S. W. (2d) 550.

The opinion states the case.

*C. F. Stevens,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Assault with intent to murder is the offense; penalty assessed at confinement in the penitentiary for three years.

O. E. Oliver was cut with a knife in the hands of the appellant. The wound was serious, as shown by the testimony of Oliver and the doctor who attended him. The weapon used was a knife. According to the testimony, the jury was justified in

concluding that, in the manner used, the knife was a deadly weapon.

At nighttime, three ladies and a small child were in an automobile which was parked near the highway. They had been at an entertainment together with their husbands. The men in the party walked across the street to get some refreshments. During the absence of the men, the appellant indulged in extremely insulting conduct towards the women, and forceably entered the car under circumstances indicating that his intent was a criminal assault. The witness Woods and a companion, who were passing, observed the situation and approached the car. Appellant moved off some distance. While the women were relating to Woods the conduct of the appellant, the men returned. Upon being informed of the conduct of the appellant, Oliver approached him and demanded an explanation, whereupon he was assaulted by the appellant and stabbed with a knife. According to the testimony of Woods, after the assault upon Oliver, he (Woods) struck the appellant with his fist, knocked him down, and made an unsuccessful effort to detain him.

Appellant denied any assault or improper conduct towards the ladies and claimed that while crossing the street he was struck and knocked down by Oliver, and what he did was done in defense of his person.

Appropriate instructions upon the law of assault with intent to murder and aggravated assault were given to the jury. What we deem an unexceptionable charge on self-defense was delivered to the jury, including the following: "Where there is more than one assailant, the defendant has the right to act upon the hostile demonstration of either or all of them and to kill either of them if it reasonably appears to him that they are present and acting together to take his life or to do him serious bodily injury."

Appellant requested, and the court gave, the following charge: "In connection with the court's charge on the law of aggravated assault you are further instructed that if you believe the witness Woods knocked the defendant down immediately preceding the alleged assault by the defendant upon Oliver, that such assault by the said Woods would justify the defendant in using any force, viewed from his standpoint, that may have been necessary to repel said assault."

Appellant requested, and the court refused, the following charge:

"You are instructed that if you believe from the evidence

that the defendant committed the assault upon Oliver, then if under the surrounding facts and circumstances he believed that he was about to be injured by the said Oliver or some other person who may have been present with him, you will find the defendant not guilty.

"And in this connection you are further instructed that although you may find there may have been no real danger to the defendant from any of the four men who he stated were present at the time of the cutting of said Oliver, if he did cut him, you will find the defendant not guilty if from the surrounding facts and circumstances, viewed from the defendant's standpoint alone, there was apparent danger to him."

From an examination of the case, we are led to believe that the evidence is sufficient to support the verdict; that by the instruction given the rights of the appellant were adequately protected, and that in the refusal of the special charges no error was committed.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant predicates his motion for rehearing upon the only bill of exception found in the record. The bill was not discussed in our original opinion; it being thought that in connection with the qualification of the court no reversible error was shown. It is insisted by appellant that the qualification does not have such effect, and therefore we discuss the point. The bill recites that while the assistant district attorney was arguing the case he used the following language: "* * * if the statement of the defendant had been reported to the jury, I felt certain that members of this jury, if their wives had reported the matter down here and the man (meaning the defendant) standing in a belligerent attitude, I (meaning the said assistant district attorney) probably would have killed him, and I (meaning the said assistant district attorney) thought probably they (meaning the jurors) would have killed him under those circumstances; and I thought for that reason, that he (meaning Oliver) * * * had shown all kinds of restraint * * *."

The court declined to sustain objection to whatever argument was made, or to withdraw it from the jury. The question of the argument became a matter of investigation upon the hearing of the motion for new trial; a statement of facts taken upon such hearing is before us, as well as the qualification to the bill upon the issue. The court says in his qualification that

had the disconnected statement set out in the bill been made in argument he would have granted a new trial on the authority of Masten v. State, 100 Texas Crim. Rep., 30, 271 S. W., 920, and Atkeison v. State, 100 Texas Crim. Rep., 313, 273 S. W., 595. It further appears from the qualification as well as from other portions of the record that appellant's testimony was to the effect that he had not been about the car occupied by the ladies and saw no car at the place, but that he was in the street and that Oliver and his companion, without provocation on appellant's part, assaulted him, and that appellant cut Oliver in self-defense against such assault. The qualification states that the assistant district attorney was arguing the question of appellant's credibility as a witness, and said substantially that if appellant was to be believed he ought to be turned loose, and if Oliver or the man with him had, without provocation, knocked appellant down and kicked him "that Oliver ought to have been cut." The qualification then shows that the assistant district attorney in the same connection proceeded with his argument substantially as follows: That he could not believe Oliver was that kind of man because the witnesses, other than the defendant, had said that Oliver walked up to the car, and that the language and conduct of defendant had been reported to Oliver at which moment the defendant was standing a few feet from the car looking back at them in an insolent manner; that if Oliver was the kind of a man the jury would have to believe him to be to give credit to the defendant's testimony that certainly Oliver would not have walked out there and asked the defendant, in as quiet a manner as the proof showed, what he meant by the language used, but would probably have rushed out there, if he had any instrument of any kind to do it with, and killed him; that he (the attorney) thought most any man would have shown less self-restraint, even the members of the jury; that "I felt sure I would have not, after this matter was reported to me, and this man standing still in the presence of his family, that he would go out there in that mild manner—I felt sure I would not, and under the same, or similar circumstances, I would probably kill the man, and I thought probably members of the jury would have killed him under those circumstances, and I thought, for that reason, that the defendant's testimony was not true; that the man (referring to Oliver) had shown all kinds of restraint." The language attributed to the assistant district attorney in the bill does not show the setting in which the argument occurred, but standing alone is very similar to that upon which reversal was predicated in Masten v. State

(supra). When taken in connection with the court's explanation of the subject under discussion by the assistant district attorney, it is presented in a much different light, and to our minds, does not present reversible error.

The motion for rehearing is overruled.

*Overruled.*