## Tom Fuller v. State.

### No. 2331.   Decided March 5, 1913.

### Rehearing denied March 26, 1913.

**1.—Assault to Rape—Continuance.**

Where it appeared on motion for new trial that the testimony of the alleged absent witness, to the effect that defendant would be welcome at the house of prosecutrix, would not extenuate or justify a subsequent course of defendant in using force upon the prosecutrix by a violent assault and threats, there was no error in overruling the motion for continuance and new trial.

**2.—Same—Aggravated Assault—Charge of Court.**

Where defendant was under twenty-one years of age and made an assault upon a female, there was no error in the court's failure to charge on aggravated assault upon trial of assault with intent to rape, the jury convicting him of this offense, and the court charging on simple assault.

**3.—Same—Argument of Counsel.**

Where, upon trial of assault to rape, the court charged the jury to disregard the remarks of State's counsel, which were improper, but not of sufficient importance to cause a reversal, there was no error.

**4.—Same—Evidence—Outcry.**

Upon trial of assault with intent to rape, there was no error in admitting testimony that the prosecutrix a few minutes after the assault upon her ran out of the house and stated that defendant made an assault upon her and asked what to do, and that they phoned to an officer.

**5.—Same—Evidence—Res Gestae.**

Upon trial of assault with intent to rape, there was no error in admitting in evidence the declarations of prosecutrix occurring shortly after the alleged assault, after she had gone about a quarter of a mile from where it occurred, and in answer to a question, reported what had happened to her and that defendant had assaulted her.

Appeal from the District Court of Parker.   Tried below before the Hon. J. W. Patterson.

Appeal from a conviction of assault with intention to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wood & Shadle,* for appellant.—On question of court's failure to charge on aggravated assault: White v. State, 151 S. W. Rep., 826; Holliday v. State, 35 Texas Crim. Rep., 133; Tucker v. State, 43 S. W. Rep., 106.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Under a conviction of assault to rape appellant was given two years in the penitentiary.

Appellant complains the court erred in overruling his application for a continuance on account of the absence of two witnesses, by one of whom he expected to prove that during the summer of 1912, the witness was employed by the county working on the county road in the vicinity of where the alleged assault occurred, and that the camp at which the witness was located was about a quarter of a mile from the home of the prosecutrix. That during this time he had often "kept company" with her, and that he was intimate with said prosecutrix, and that on one occasion she told the witness that defendant had been trying to get her to have intercourse with him, and she had promised to do so but was not going to for the reason she was afraid he would tell it. By the other witness he expected to prove that in the latter part of August, 1912, the day previous to the alleged assault, this witness saw prosecuting witness on the morning of the alleged occurrence, and on that day, prior to the alleged occurrence, she told the absent witness to tell the defendant that her folks were gone fishing, and to come over and they would have a time, and witness informed appellant on the evening of and before the alleged occurrence, and that on the trial witness would swear that defendant went there on that invitation. As a preliminary statement, and supposedly to make this testimony relevant, the bill recites in regard to both of the absent witnesses, that the defendant is charged with assault with intent to commit rape on Janie Mays by force, threats and fraud, alleged to have occurred on the 30th of August, 1912, at home near the town of Garner, Parker County. On the trial of the case the defendant will plead not guilty and will testify that whatever occurred on that occasion of the alleged offense was done with the consent of the prosecuting witness, Janie Mays; that he was at her house on said occasion at her invitation, and that he had no intention of having intercourse with her except with her consent; and that defendant is informed and states that the prosecuting witness will swear upon the trial of this case that defendant on said occasion as alleged in the indictment, at her home, assaulted her by force and threats and took hold of her and attempted to force her to have intercourse with him against her will and consent, and said prosecuting witness will swear that defendant had never spoken to her about having intercourse with him before this occasion, and the defendant will testify on the trial hereof that he had talked with the prosecuting witness on two or more occasions before the date of the alleged offense about having intercourse with her and that on two different occasions she had promised to let him do it, but was afraid her brothers would catch them. The appellant did not testify in his own behalf, and none of the facts of which he speaks were introduced in evidence to show any connection between his acts and any information he may have had from either of the absent witnesses inducing him to go to

the residence of the prosecuting witness. We are of opinion that the testimony of the absent witnesses, viewed in the light of the record, would not be of any material value in the case had they been present and testified. There is nothing in the record that indicates that any such thing occurred between the absent witnesses and the prosecutrix. When appellant went to the home of prosecutrix he informed her he came there for the purpose of giving her brother a whipping for some grievance against said brother. This was not in any way controverted. Prosecutrix testimony makes out a case against defendant of an attack upon her of strongly developed physical force, over her protest, he locked her in a room where she for a while could not escape. He carried this attack sufficiently far to tear much of her clothing from her body, threw her on the bed and demanded that she have intercourse with him; that she refused, and fought her way out of his clutches and away from the room, fleeing to the home of a nearby relative, where she immediately gave information. If it be conceded that the girl probably made the statements to the two absent witnesses, yet when he approached her at her home she declined to have anything to do with him, and he made a most vigorous assault; he understood from what occurred between them at the time that his overtures were entirely repulsive to her, and he made the assault and undertook to force her by a violent assault and by threats to submit to his wishes. If appellant was notified, as he claims, by these witnesses that he would be welcome to her embraces when he reached her home, and found that such was not the case, then all excuse afforded him by the statements of these absent witnesses would not justify or extenuate his subsequent course, and we might say further, in the light of this record, we are impressed with the idea that this absent testimony is not probably true. We do not believe, in view of this record, that the court was in error in refusing the continuance.

It is contended that the court erred in not charging aggravated assault. Under the testimony, we are of opinion there is no merit in this contention. Appellant was under 21 years of age, the evidence being that he was about 18 or 19. It was not, therefore, the assault of an adult male upon a female, but was the assault of a minor upon a female. The court did give in charge the law of simple assault. The jury convicted of assault to rape. The details of the assault are not set out, as it is deemed unnecessary. If the woman testified the truth, it was a fully satisfactory case where force and threats constitute the case.

There were some expressions used by one of the prosecuting attorneys that ought not to have been used, but the court charged the jury to disregard these remarks and withdrew them from the consideration of the jury. They are not of sufficient importance, in view of the charges, to require a reversal of the judgment.

There is another bill of exceptions which recites that the prosecuting witness testified that defendant made an assault upon her and

gave the particulars of same as set forth in the statement of facts, and she got out of the house and ran and went to Miss Daisey's and told Miss Daisey all about it, and asked her what she, prosecuting witness, should do. The witness was then asked by State's counsel where she and Miss Daisey went, and she answered they 'phoned the sheriff first. This latter matter was objected to as not binding on the defendant, and as being immaterial. The same bill recites that "the officer 'phoned to was Bernard Taylor. He was justice of the peace I suppose. He is an officer. I called on him for help." And the further objection was urged that this was after the witness had reported the matter to Miss Daisey that she called up Taylor. This bill of exceptions is very general, and hardly sufficient perhaps to bring the matter in review, but concede the bill is sufficient, this happened in a very few moments after the alleged assault, and we think was within the rule laid down by the decisions that she made complaint, and was, therefore, not objectionable.

Another bill recites that Miss Daisey Mays testified: "I remember the occasion of the defendant Tom Fuller being arrested for assault on Janie Mays. I first saw Janie Mays that evening coming down there close to the road, coming in a run." Witness was then asked by State's counsel: "What did she, Janie Mays, do or say when she got to where you were?" This was objected to as to what Janie Mays said. "Q. You need not state that. State whether or not she reported anything to you that had happened to her. You need not state what it was. Did Miss Janie Mays report to you or tell you about the assault that Tom Fuller made on her? The court: He asked you, did she make any complaint to you, without telling what it was? A. Yes, sir, she did. State's counsel: I would like to ask, Your Honor, if it was concerning Tom Fuller. Defendant's counsel: The court holds that is improper. State's counsel: We think it is part of the res gestæ. The court: I will let her answer concerning Tom Fuller. Defendant's counsel: We object to that because not in the presence of the defendant, and is a self-serving declaration, and is wholly inadmissible and does not tend to prove any issue in this case, and is calculated to prejudice the rights of the defendant. My objection is, as to naming the defendant." The witness was further asked to state whether or not she made any report concerning Tom Fuller. "A. Yes, sir; just as quick as she came in and sat down." Under our decision we are of opinion there was no error in this ruling of the court. This all occurred in a few minutes. The girl had not gone more than a quarter of a mile, and we think this was brought within the rules of res gestæ, if necessary to go that far in holding the statements legitimate, but whether it was or not, this was the first person she had seen, and she made an outcry and ran hurried to Miss Daisey Mays after escaping from the defendant. We think this testimony was admissible.

The judgment is affirmed.                                        *Affirmed.*

[Rehearing denied March 26, 1913.—Reporter.]