### J. M. NEWMAN v. THE STATE.

#### No. 2973. Decided January 28, 1914.

**Unlawfully Practicing Medicine— Sufficiency of the Evidence.**

Where, upon trial of unlawfully practicing medicine without license or other authority, the evidence sustained the conviction, there was no error.

Appeal from the County Court of Tom Green. Tried below before the Hon. Oscar Frink.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $50 and one hour confinement in the county jail.

The opinion states the case.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of unlawfully practicing medicine, and prosecutes an appeal to this court, the only assignment of error being that the evidence is insufficient to sustain the conviction. Max Abram testified:

"On the 21st day of March, 1913, defendant and I had a talk in the presence of Mr. Beavers and Mrs. Beavers. I am not certain that the defendant's wife was present, but the defendant told me in that conversation that he would give me a month's treatment for $50. I told him I only had $65 in the bank; that I owed his sister, Mrs. Beavers, for board, and did not want her to wait for the money, but that I would pay him $25 for a half month's treatment. He said, 'When you go to make a horse trade it's best to have an understanding,' and went into another room with me; I told him I had tuberculosis and I asked him how long it would take him to cure me and he said he didn't know just how long; it might be one month and might be two or might be three or may be longer. He agreed to take the $25 for the half month's treatment and I wrote him a check for that amount. When I offered him the check he said he didn't want any check, as the doctors had it in for him. I went to town that evening and cashed a check and gave him twenty-five dollars in currency.

"On Wednesday, the 26th day of March, 1913, defendant treated me, this being the week following the day when I paid him the money. He said he would show me how to manipulate my limbs and muscles, so as I could treat myself. He rubbed my wrists, he said that was to relax

my muscles. He rubbed the bottoms on my feet, he said that would stimulate my heart's action. He examined my back and rubbed it, and said that some of my vertebrae were out of place, that he would have to replace them before I could get any relief from his treatment. He said that the vertebrae could be replaced by manipulation. He would turn my head to one side, and then turn it to the other, he said that would improve my breathing. He would place his knees to my back, between my shoulders and then pull me toward him, he said that would take the soreness out of my shoulders and arms. He said to relieve appendicitis, he would stand a patient on his head. He gave me eight treatments on successive days, and it was only after he had given me three or four of them that he said anything about giving me lessons, and was not treating me. Prior to the conversation above related, when defendant and I went in the room together, he had not told me he could cure me or that he had cured others. Up to that time I had only heard things of that sort through his sister. All this happened in Tom Green County, Texas.

"The defendant did not claim to be a doctor or surgeon, he did not diagnose my case. I told him I had tuberculosis. He told me at the fourth treatment that I could eat anything I wanted. I had no appetite to eat. I have nothing specially against the defendant only that he played me for a sucker and got my money. I speak to him when I meet him on the street. I heard that he talked about me and my conduct with a young lady while boarding at his sister's. This is why I made the complaint against him in this case. And he opened one of my cavities, too, is another reason why I made the complaint against him.

"The State and defendant agreed in open court that defendant had no license or other authority on record in the office of the district clerk of Tom Green County, Texas, authorizing him to practice medicine."

The case was tried by the court, a jury being waived, and the above testimony would authorize the court to find appellant guilty of the offense charged.

Affirmed.                                                    *Affirmed.*