### W. B. DENTON v. THE STATE.

#### No. 4909.  Decided February 20, 1918.

**1.—Illegal Practice of Medicine—Burden of Proof.**

The offense denounced under article 750, P. C., is the practice of medicine without compliance with the statute, and the burden is upon the State to prove the offense, and where, upon trial of illegally practicing medicine, there was no evidence to show that defendant's authority to practice medicine had not been registered as required by statute, the conviction could not be sustained.

**2.—Same—Masseur—Practice on Appeal—Question of Fact.**

The appellant's suggestion that the evidence shows that the occupation in which he was engaged was that of a masseur and exempted him by article 754, P. C., as a matter of law, is untenable, and the character of his occupation was a question of fact. Following Newman v. State, 72 Texas Crim. Rep., 367, and other cases.

Appeal from the County Court of Floyd. Tried below before the Hon. E. P. Thompson.

Appeal from a conviction of illegally practicing medicine; penalty, a fine of fifty dollars.

The opinion states the case.

*A. P. McKinnon* and *Kenneth Bain,* for appellant.—Cited Young v. State, 59 Texas Crim. Rep., 358, 128 S. W. Rep., 1103; Young v. State, 74 Texas Crim. Rep., 133, 167 S. W. Rep., 1112; Milling v. State, 67 Texas Crim. Rep., 551, 150 S. W. Rep., 434; Newman v. State, 61 Texas Crim. Rep., 338, 134 S. W. Rep., 688.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant's conviction was for practicing medicine in violation of article 750, Penal Code, which makes it unlawful for anyone to practice medicine "who has not registered in the district clerk's office of the county in which he desires his authority for so practicing, . . . verified by oath." The statute also contains a statement that the clerk shall endorse upon the certificate the fact that the oath has been made and recorded, and concludes as follows: "The

holder of the certificate must have the same recorded upon each change of residence to another county, and the absence of such record shall be prima facie evidence of the want of possession of such certificate."

There was no evidence introduced to the effect that appellant's authority had not been registered as required by the statute. It is not unlawful to practice medicine, but it is unlawful to do so without compliance with the statute. The offense is a practice of medicine without compliance with the statute, and the burden is upon the State to prove the offense. There will be found decisions of other States holding, under certain circumstances, the burden of making proof of authority to practice medicine is not upon the State because a fact within the peculiar knowledge of the accused. 30 Cyc., 1567. Such is not the case here, as the statute itself prescribes a rule of evidence making the absence of the record prima facie evidence of the want of such certificate, and requiring that the certificate be recorded in the county in which the accused is residing at the time renders it easy for the State to make the proof of records of the particular county. The failure to make the proof in this instance characterizes the evidence as insufficient. The appellant's suggestion that the evidence shows that the occupation in which he was engaged was that of a masseur and exempted by article 754, Penal Code, from the provisions of article 750, Penal Code, can not, we think, be sustained as a matter of law. The character of his occupation was a question of fact. See Words & Phrases, vol. 3 (2d series), p. 113; Newman v. State, 72 Texas Crim. Rep., 367; Dankworth v. State, 61 Texas Crim. Rep., 157.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*