### DIXIE BUCKNER v. THE STATE.

#### No. 5034. Decided June 12, 1918.

**Selling Liquor Without License—Statutes Construed—Local Option.**

Where appellant was prosecuted, under article 612, P. C., as a retail liquor dealer without license; held, that this article of the statute is not operative in a district or county in which the sale of intoxicating liquors is prohibited under the local option law, and the sale in the instant case, not coming within the exception, defendant should have been prosecuted under article 597, P. C., which prohibits the sale of such liquor in prohibition territory.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of retailing intoxicating malt liquor without license; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Baughn & Johnson,* for appellant.—Cited Snearly v. State, 52 S. W. Rep., 547.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of a felony and her punishment assessed at two years confinement in the penitentiary.

The indictment charges, in substance, that appellant, not being a licensed retail liquor dealer, sold two quarts of beer in Lamar County. The prosecution is under chapter 6 of the Acts of the Thirty-fifth Legislature, Fourth Called Session. Chapter 6 amends article 612, P. C. That article prior to this amendment denounced the sale of intoxicating malt liquors in quantities of less than a gallon without procuring a liquor dealer's license, or a retail malt dealer's license, as a misdemeanor.

The only effect of chapter 6 is to change the article so as to make the penalty a felony. Article 612, P. C., is a part of the Act of the Thirty-first Legislature, Regular Session, chapter 17, page 293. The purpose of the Act was to regulate the sale and disposition of spirituous, vinous and malt liquors in places where same was sold. Article 612, P. C., corresponds with section 5 of the Act. Section 27 of the Act is as follows: "This Act, or any of the provisions thereof, shall not be construed to be in conflict with any local option law now or hereafter to be in force in this State, and no license to any retail liquor or retail malt dealer shall be issued or shall be effective at any place where local option law is in force and operation."

It is admitted in the statement of facts in this case that in Lamar County, where the offense is charged to have been committed, the sale of intoxicating liquors was prohibited under the local option statute. The view that article 612, P. C., is operative in counties or districts of the State where the sale of intoxicating liquors as a beverage is prohibited is a mistaken one. There is a statute which regulates and requires a license in such territory for liquors which are permitted by law to be sold, such as for medical purposes. See Watson v. State, 42 Texas Crim. Rep., 13; Williamson v. State, 41 Texas Crim. Rep., 461. The only purpose of the statute in question was to amend the license law regulating the sale of intoxicating liquors in districts where it is not prohibited in such way that the penalty for a violation of section 5 of said Act of the Thirty-first Legislature would become a felony instead of a misdemeanor. This sale having taken place in a district or county in which the sale was prohibited under the local option law, and not being a sale for any of the permitted purposes in such territory, comes within the purview of article 597, P. C., which provides a penalty for the sale of such liquors in prohibited territory, and the prosecution should be under that statute and not under chapter 6, supra.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*