### ANNA REUM v. THE STATE.

#### No. 5183.　Decided November 13, 1918.

**1.—Unlawfully Practicing Medicine—Pleading.**

Where the complaint and information were in three counts and averred conjunctively several matters under articles 750 and 755, P. C., they were in approved form.

**2.—Same—Evidence—Registry.**

Upon trial of practicing medicine unlawfully, under the present statute, there was no error in excluding the testimony of the district clerk and his record in his office showing certain entries made under the old law, which was then in force, as this has since been repealed. Following Gay v. State, 79 Texas Crim. Rep., 305.

**3.—Same—Charge of Court—License—Diploma—Verification.**

Where, upon trial of unlawfully practicing medicine, under articles 750 and 755, P. C., the court charged the jury that it did not devolve upon the State to prove that defendant did not have a license or diploma, with verification of same, and did not have same registered, the same was reversible error; there being no proof thereon as required. Following Denton v. State, 201 S. W. Rep., 183.

Appeal from the County Court of El Paso. Tried below before the Hon. Will P. Brady.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of two hundred and fifty dollars and three months confinement in the county jail.

The opinion states the case.

*M. W. Stanton* and *Jackson & Isaacs,* for appellant.—On exclusion of testimony of district clerk: Carrol v. State, 57 S. W. Rep., 94.

On question of charge of court: Ritter v. State, 76 Texas Crim. Rep., 594, 176 S. W. Rep., 727; Schwartz v. State, 53 Texas Crim. Rep., 449.

On question of complaint: Gould v. State, 66 Texas Crim. Rep., 421, 147 S. W. Rep., 247.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in the opinion.

PRENDERGAST, Judge.—Appellant was convicted of unlawfully practicing medicine, a misdemeanor.

The complaint and information were in three counts. The State elected to prosecute, and did prosecute, under the third only. The complaint and information were preferred under articles 750 and 755, which prescribe the offense. They aver conjunctively several matters in said articles defining the offense and they follow substantially, if not literally, the approved form of Wilson's Texas Crim. Forms, 4th edition, No. 343, and were clearly sufficient. In misdemeanors especially it has uniformly been held by this court that where several ways by which an offense may be committed are prescribed in the same statute and are embraced in the same general definition and punished in the same manner and to the same extent and not repugnant to each other that they may be charged conjunctively in the same count in an information. See authorities collated in 1 Branch's Ann. P. C., sec. 508. Said pleadings are therefore valid against appellant's objections thereto.

The court did not err in excluding the testimony of the district clerk, offered by appellant, and the record in his office in the register of Physicians and Surgeons showing certain entries made in February, 1900, under an old law that was then in force. The law under which those entries were made has long since been repealed and the statute under which this prosecution was based prescribes an entirely different record and registration. Gay v. State, 79 Texas Crim. Rep., 305.

The court in his charge told the jury: "In this case it does not devolve upon the State to prove that defendant did not have a license or diploma, with verification of same, and did not have some registered." The appellant duly excepted to this charge, specifically pointing out the error in giving it. This was doubtless the view the trial judge had of the law on this point and the prosecution thereupon introduced no proof at all showing or tending to show that appellant had not registered in the district clerk's office as required by the statute, her authority to practice medicine. Under the recent and latest decision of this court this was error. Denton v. State, 83 Texas Crim. Rep., 67, 201 S. W. Rep., 183, and for this error the case must be reversed.

No statement or discussion is necessary of other claimed errors by appellant as none of them present reversible error.

Reversed and remanded.

*Reversed and remanded.*