Eliphas Linder v. The State.

No. 6558. Decided November 9, 1922.

Rehearing granted May 2, 1923.

1.—Assault to Rape—Requested Charges—Practice on Appeal.

Where the requested charges bore indorsement authenticated by the trial judge that they were presented before the general charge was read and were refused, and it appeared nowhere that exception was reserved to their refusal, the same cannot be considered on appeal. Following Barreos v. State, 83 Texas Crim. Rep., 548, and other cases.

2.—Same—Jury and Jury Law—Householder—Freeholder—Waiver.

Where defendant waived the challenge that the juror was neither a householder in the county nor a freeholder in the State, but the record failed to show that the State also waived it, the correctness of the court's action in discharging the juror must be presumed.

3.—Same—Evidence—Complaint of Prosecutrix—Res Gestae.

Where the prosecutrix was permitted to testify that she told a third party that defendant had tried to rape her, etc., and the record showed that these statements of the prosecutrix precluded any idea of deliberateness but

were the spontaneous speaking of the facts, the same was *res gestae*, and there is no reversible error. Following Sentell v. State, 34 Texas Crim. Rep., 260, and other cases.

**4.—Same—Evidence—Cross-Examination—Chastity—Impeaching Witness.**

It was no answer to the State's objection that it had permitted the predicate to be laid without protest. It was an attempt to impeach upon an immaterial issue, and the State was not estopped from objecting when the traversing testimony was offered. Neither was the evidence admissible upon the issue of character of the prosecutrix for chastity.

**5.—Same—Impeaching Testimony—Chastity of Prosecutrix.**

Where, upon trial of assault to rape, prosecutrix was permitted to state that she had kissed two certain young men to whom she had been engaged, but denied ever having kissed a certain other party or having permitted him to kiss her, to all of which the State interposed no objection but did object to any testimony showing that said third party had in fact kissed the prosecutrix which the court sustained, there is no reversible error, and such testimony was not admissible in a case of rape or assault to rape. Following Ross v. State, 60 Texas Crim. Rep., 547, and other cases.

**6.—Same—Character of Prosecutrix—Specific Acts of Misconduct.**

As applied to cases of rape or assault to rape by force, specific acts of misconduct or immorality of the prosecutrix cannot be shown except it may have been with accused. Following Wood v. State, 80 Texas Crim. Rep., 398, and other cases.

**7.—Same—Argument of Counsel—Practice on Appeal.**

In view of the prompt action of the trial court, and in the absence of a requested charge to disregard the same, the argument of State's counsel was not of that hurtful character which would call for a reversal.

**8.—Same—Argument of Counsel—Invited Error.**

Where the argument of State's counsel was invited by the preceding argument of defendant's counsel, there is no reversible error. Following Watson v. State, 237 S. W. Rep., 298.

**9.—Same—Rehearing—Practice in Trial Court—Requested Charge.**

Where the appellant insisted in his motion for a rehearing, that under the present practice it is not necessary that the record show that there was an exception to the refusal of a requested charge in order to require this court to review the action of the trial court in refusing the request. *Held*, in so contending the distinction between the practice in civil cases and that in criminal cases has not been given due consideration by the appellant, and an exception to such refusal to a requested charge is necessary in criminal cases. Following Phillips v. State, 19 Texas Crim. App., 165; Distinguishing Goldstein v. State, 166 S. W. Rep., 161.

**10.—Same—Civil Cases—Assignments of Error—Bills of Exception.**

In civil cases, it is deemed sufficient that the special charge becomes a part of the record and be subject to review without bills of exception, as an assignment of error points out the reason upon which the appellant contends that there was error in refusing his requested charge, but is not sufficient in criminal cases, where neither assignment of error nor motion for a new trial is required, and it is therefore incumbent upon appellant, unless there be some indorsement upon the refused charge, to reserve the objection by bill of exceptions.

Appeal from the District Court of Anderson.  Tried below before the Hon. W. R. Bishop.

Appeal from a conviction of assault with intent to rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Campbell, Greenwood & Barton,* for appellant.—On question of charge of court, cited Fry v. State, 215 S. W. Rep., 563.

On question of complaint of prosecutrix, Maples v. State, 119 S. W. Rep., 105; Rice v. State, 112 id., 300.

On question of character of prosecutrix, Norman v. State, 230 S. W. Rep., 993, and cases cited in the opinion.

On question of argument of counsel, Roach v. State, 232 S. W. Rep., 505; Stanchel v. State, 231 id., 132; Brookreson v. State, 225 id., 376; Hollingsworth v. State, 199 id., 628; King v. State, 101 id., 238.

*R. G. Storey,* Assistant Attorney General, *Seagler & Pickett* for the State.—On question of argument of counsel, Lubbock v. State, 147 S. W. Rep., 258; Hilcher v. State, 131 id., 593; Ardry v. State, 233 id., 838.

HAWKINS, Judge.—Appellant was convicted of assault with intent to rape upon one Nona Whitlow and his punishment assessed at five years confinement in the penitentiary.

Appellant's family and that of prosecutrix lived in the same neighborhood. On the afternoon preceding the night upon which the offense was alleged to have been committed appellant appeared at the residence of prosecutrix's father and informed her there was going to be a "candy pulling" at his home on the night in question and made an engagement to take her. On the return from the party prosecutrix says appellant stopped the car in which they were riding and made an assault upon her. She claims that he put his arms around her and asked if she loved him, and upon her reply in the negative he asked if she loved someone else, to which she replied in the affirmative, whereupon appellant told her she "would love him when he got through with her;" that while holding her around the neck with one arm he removed the glove from one of his hands with his teeth, unbuttoned his pants, got in front of her in the car and placed his hand under her clothing on her knee; that she was struggling with him during all this time and finally got her feet out over the door of the car and slid out on the running board; that he was holding her around the arms and that as she wrenched loose from him he caught her by the hair and pulled some of it out as she broke away, whereupon appellant said: "Come back here, you bitch;" that she immediately ran off in the woods and made her way to the home

of Mr. Carrol where she reported the matter. The evidence of appellant did not place himself in a very favorable light before the jury. He admitted that some two years before this occasion he had been in a buggy with Miss Whitlow when for some reason she got out of the buggy and it was with difficulty he persuaded her to get back in so he could take her home. The details of that transaction were not gone into and Miss Whitlow was not asked about it at all. Appellant admitted when he sought the engagement with prosecutrix to take her to the party she asked him ''if she went with him would he treat her right.'' He admits that his purpose in making the engagement was to have carnal intercourse with her but denies that he intended to accomplish it by force, but intended to secure her consent thereto. He admits that she repulsed his advances and that he tried to hold her, explaining his conduct upon the theory that he was trying to retain her in the car until she got over her fright when he intended to take her home. He also admits that as she got out of the car he grabbed at her and caught her by the hair. This is a sufficient statement of the facts further than as may be disclosed in the discussion of certain bills of exception.

Error is assigned because the court refused to give certain special charges. The charges bear endorsement authenticated by the trial judge that they were presented before the general charge was read, and were refused. Nowhere on the charges themselves does it appear that exception was reserved to their refusal. No separate bills of exception reserving the point appears in the record. In Barrios v. State, 83 Texas Crim. Rep., 548, 204 S. W. Rep., 326 it was held that refusal charges could not become the subject of review in the absence of bills of exception. To the same effect is Fry v. State, 86 Texas Crim. Rep., 73, 215 S. W. Rep., 560; Nichols v. State, 91 Texas Crim. Rep., 277, 238 S. W. Rep., 232. If the special charges bore notation over the trial judge's signature that they were presented to him before the main charge was read, were refused and *to which refusal exception was reserved,* we think it would be a sufficient bill to meet the requirements of the law, and would obviate the necessity of a more formal bill of exception; but in the absence of such showing on the charge itself a formal bill would be necessary; in the absence of both the matter is not before us for review.

Upon the voir dire examination of the jurors it was ascertained that one of them was neither a householder or freeholder. The bill of exception states that counsel for appellant stated to the court that he was a qualified juror but that he was excused, and exception reserved. The second ground of challenge for cause under Article 692 C. C. P. is, that a juror is neither a householder in the county nor a freeholder in the State. This challenge may be exercised either by the State or defendant. We do not stop to inquire into the matter further than to say while the bill shows that appellant waived the challenge, it fails

to show that the State also waived it. The correctness of the court's action in discharging the juror must be presumed. So far as the bill shows the State may have been insisting on the challenge.

Complaint is made because over appellant's objection prosecutrix was permitted to testify that she told Mrs. Carrol that "Eliphas Linder had tried to rape her," and to Mrs. Carrol testifying that she said, "that trifling Linder boy has tried to rape me." It is insisted that the statement was not res gestae, and went further than the law permits in showing complaint made by prosecutrix, and where and to whom made. Miss Whitlow testifies that after she broke loose from appellant and escaped from the car she ran through the woods to Mrs. Carrol's; while she dose not know exactly how far she traveled in the roundabout way she went, she says it was only about ten minutes from the time she left the car until she reached the Carrol home, where the statement was immediately made. Mrs. Carrol says when prosecutrix reached her house and called her daughter, she bore every appearance of having been running, was very nervous, excited, crying and could scarcely talk. That she asked, "What in the world is the matter, Nona?" to which prosecutrix replied in the language complained of. We are unable to draw a distinction between the instant case and those of Sentell v. State, 34 Texas Crim. Rep., 260, 30 S. W. Rep., 226; Castillo v. State, 31 Texas Crim. Rep., 145, 19 S. W. Rep., 892; Fuller v. State, 69 Texas Crim. Rep., 534, 154 S. W. Rep., 1021; Stockton v. State, 80 Texas Crim. Rep., 521, 192 S. W. Rep., 236; Rogers v. State, 65 Texas Crim. Rep., 105, 143 S. W. Rep., 631; Sharp v. State, 71 Texas Crim. Rep., 633, 160 S. W. 369. The Carrols were the first people prosecutrix had seen after the assault, and the circumstances under which the statements were made preclude any idea of deliberateness; the statements appear to have been the spontaneous speaking of the facts. As said in some of the cases supra, even a more detailed statement would not have been objectionable.

Prosecutrix was asked upon cross-examination if she had ever kissed or permitted anyone to kiss her. She admitted having kissed two young men to whom she had been engaged. She denied ever having kissed Olan Weems or having permitted him to kiss her. No objection was interposed by the State to these inquiries of prosecutrix. Appellant proposed to prove by Weems that he had kissed her and she him. Objection by the State was sustained. The bill of exception shows that appellant was offering Weems for the purpose of impeachment, but we understand he contends in his brief that it was also admissible on the issue of prosecutrix's character, for chastity. The credibility of a witness cannot be thus attacked. For the latest expressions from this court upon the subject, together with citation of authorities, see Barnes v. State, 90 Texas Crim. Rep., 51, 232 S. W. Rep., 312, Hays v. State, 90 Texas Crim. Rep., 355, 234 S. W.

Rep., 898. It was no answer to the State's objection that it had permitted the predicate to be laid without protest. It was an attempt to impeach upon an immaterial issue, and the State was not estopped from objecting when the traversing testimony was offered. Neither was the evidence admissible upon the issue of the character of prosecutrix, for chastity. It must be borne in mind that the charge against accused was assault to rape by force. All the cases cited by appellant (save Norman v. State, 89 Texas Crim. Rep., 330, 230 S. W. Rep., 991) are· in prosecutions for seduction. In that offense the previous chastity of the female is directly in issue. In Norman's case he was charged with statutory rape upon a female over fifteen years of age, and the statute (Art. 1063 P. C.) now makes previous unchaste character of the female a complete defense to such charge, thereby placing cases of that character in a class analogous to seduction. This is not true in rape, or assault to rape by force. As applied to cases of this character, specific acts of misconduct or immorality of the prosecutrix cannot be shown except it may have been with accused. Ross v. State, 60 Texas Crim. Rep., 547, 132 ·S. W. Rep., 793; Lawson v. State, 17 Texas Crim. App., 302; Wood v. State, 80 Texas Crim. Rep., 398, 189 S. W. Rep., 474; Jennings v. State, 80 Texas Crim. Rep., 450; 190 S. W. Rep., 732. In the instant case the issue of consent is not raised. It is excluded by the evidence of accused himself. Steinke v. State, 33 Texas Crim. Rep., 65, 24 S. W. Rep., 909.

It is shown by bill of exception number four that while counsel representing the State was making his closing argument to the jury he used the following language:

"that the defendant' counsel had brought out highly improper and insulting evidence from the· prosecutrix, and had acted unfairly, and had been guilty of conduct, the like of which he had never seen in the courtroom before, in propounding to the prosecutrix the question and compelling her to tell, 'how many times she had been kissed, and by whom,' and that said conduct was infamous, and that counsel for the State had silently stood by and permitted the questions to be asked, because they know, if they objected, that the jury would not understand the objection, and thus, they had drawn from this witness improper and insulting evidence, in violation of law."

When the language above set out was objected to the court says in his qualification to the bill that he not only announced that this argument was improper but also in the presence of the jury stated to counsel for the State that he should not engage in that kind of argument; that no request was made to instruct the jury to disregard the same. In view of the prompt action of the court we do not believe the argument was of that hurtful character which would call for a reversal of the case, and especially so in the absence of a requested charge that the jury should not consider it. Another bill of exception

appears in the record to the argument of the same attorney, who said, "that he had no apology to offer for accepting a fee to prosecute this case for the good people of Tennessee Colony."

In approving the bill the trial judge says that one attorney for appellant in his argument had stated that "the good people of Tennessee Colony would have taken steps in this matter if there had been anything serious in the charge against defendant." As we understand the qualification to the bill the attorney representing appellant had undertaken indirectly to impress the jury with the idea that if the people in the community where the offense is alleged to have occurred had believed there was anything serious in the charge against accused they would have taken some action about it. This was improper argument of the attorney representing appellant. The reference by him to the action of the "good people of Tennessee Colony" appears to have provoked the language complained of. (Watson v. State, 90 Texas Crim. Rep. 576, 237 S. W. Rep., 298, and cases cited therein.)

Having considered all questions discussed in appellant's brief and finding no error in the record calling for a reversal, an affirmance is ordered.

*Affirmed.*

### ON REHEARING.

### May 2, 1923.

MORROW, PRESIDING JUDGE.—Appellant insists that under the present practice, it is not necessary that the record show that there was an exception to the refusal of a special charge in order to require this court to review the action of the trial court in refusing the request. It is believed that in so contending, the distinction between the practice in civil cases and that in criminal cases has not been given due consideration. In the old code touching the request for a special charge in civil cases, the declaration is made that when authenticated and filed they become a part of the record " subject to revision for error by the Supreme Court in the same manner as if regular bills of exception had been signed." (Paschal's Digest of Laws, Vol. 1, p. 141, Art. 216, Act of May, 1846.)

In a criminal case the statute read: "The general charge given by the court as of either party, shall be certified by the judge, and in case of appeal, constitute a part of the record of the cause. (Paschal's Digest of Laws, Vol. 1, Art. 3062, p. 527.)

In the Revised Statutes of 1879. Article 1320 is identical in its terms with Article 216, supra, in Paschal's Digest; and Article 686 is identical with Article 3062 (Paschal's Digest), which has been quoted above. In other words, in civil cases the statute in terms stated that no exception to the refusal of the special charge need be noted,

while in criminal cases that phase of the statute is omitted. In the Revised Statutes of 1911 touching civil cases the language used in Article 216 and Article 1320, supra, was carried forward and in the Code of Crim. Proc., of 1911, the language embraced is that which is quoted above from the old Code of Crim. Proc. (Art. 3062, Paschal's Digest, supra.)

In the year 1913, by Chap. 59, the civil statutes (Art. 1974) with reference to special charges was amended and the declaration that the special charge should be subject to review without exception thereto was omitted. At the same time Article 2061 was embraced declaring that the "ruling of the court in giving, refusing or qualifying instructions to the jury shall be regarded as *approved unless excepted to* as provided in the foregoing articles."

Construing Chap. 59 supra, both the Supreme Court and the Court of Civil Appeals held that to require the review of the refusal of the trial court to read a requested charge to the jury, it was imperative that an exception be reserved at the time and preserved by bills of exceptions. Railway v. Dickey, 187 S. W. Rep. 188; Thorne v. Dashiell, 189 S. W. Rep., 987 and cases cited. Unless we misinterpret the rule as declared by this court, it has from the beginning insisted that it was not authorized to review the refusal of a special charge in the absence of an exception. In the case of Phillips v. State, 19 Texas Crim. App. 165, Presiding Judge White stated the rule in these words:

"We do not think it is contemplated by the law (Code Crim. Proc., art. 686) that a defendant in a criminal trial, desiring to except to the charge of the court or *to the action of the court in refusing a charge,* should do so at the very time the charge is given *or refused.* To require him to do this would be placing before him the alternative of passively and silently submitting to what he conceives to be an error, or to take the risk of creating against himself a prejudice in the minds of the jury by expressing a dissatisfaction with the law as given them in charge by the court. We think a proper and usual practice is to allow the defendant to take his bills of exceptions to the charge of the court, *and to the refusal of charges,* after the jury has retired from the box. *In civil practice charges given by the court are not, as in criminal cases, required to be excepted to specially, but are regarded as excepted to without the necessity of taking any bill of exceptions thereto.*"

It is our understanding that throughout the history of this court, this rule has been applied and the distinction between the rules in civil and criminal cases with reference to an exception to the refusal of a special charge has been recognized. Special note of it is taken in Byrd's case, 69 Texas Crim. Rep. 35, which was decided before the passage of the Laws of 1913.

Attention is directed in Byrd's case, supra, to Articles 1318 and

1363 of the civil statutes establishing the rule of practice in civil courts to the effect that an exception to the refusal of a special charge is not necessary. This language follows in the opinion:

"However, the reverse of this is the rule in criminal cases, and made so by legislative enactments. As to why they prescribed a different rule is not for us to theorize over, but merely to obey, if they have done so. And by reading the Code of Criminal Procedure it will be seen that they have provided that the charge of the court *shall not be regarded as excepted to,* but it requires specific complaint to be made, and if this is not done we are without authority to review the charge of the court. Article 743 of the Code of Criminal Procedure provides that no criminal case shall be reversed by this court on account of error in the charge of the court unless *the charge was excepted to at the time of the trial or in the motion for new trial, and the error pointed out."*

See also Ryan v. State, 64 Texas Crim. Rep. 637; Barrios v. State, 83 Texas Crim. Rep. 549.

Judge White, in his Ann. Code of Crim. Proc., cites many authorities on page 550, in Art. 845, emphasizing and, as we understand them, supporting the conclusion stated above that at no time in the history of this court has the refusal of a special charge been properly the subject of review in the absence of an exception to its refusal. Formerly, certain character of exceptions were required to be made at the time of the trial; others were reviewable if made in the motion for new trial. See White's Ann. Code of Crim. Proc., p. 549, sec. 844; also Bailey v. State, 45 S. W. Rep. 708; Todd v. State, 44 S. W. Rep. 1096; Magee v. State, 43 S. W. Rep., 512.

By the Acts of 1913, Chap. 138, Articles 735, 737 and 743 were amended, and Article 737a was added. The effect of this amendment was to require that the charge of the court be read to the jury in advance of the argument and that before it was read to the jury, it should be examined by counsel for the accused and his objections to it, if any, presented, as well as his requested charges, to the end that the court might correct any errors or omissions in his charge before it is read to the jury. Art. 743, as amended, contains this language: "All objections to the charge and on account of the refusal or modification of special charges shall be made at the time of the trial." Article 737a requires that objections to the charge be presented before it is read to the jury.

In the year 1917, Chap. 59, Acts of the thirty-third Leg., supra, was amended in such a manner as to restore the practice in civil cases with reference to special charges that prevailed before the enactment of Chap. 59, namely, that in civil cases a special charge authenticated as having been presented in proper time and refused should be subject to review without bill of exceptions.

Counsel for appellant argues that by virtue of Article 744, Code

of Crim. Proc., the amended civil statute prescribes the rule applicable to criminal cases and obviates the necessity of the notation of any exception to the refusal of a special charge. Article 744 reads thus: ''On the trial of any criminal action, the defendant, by himself or counsel, may tender his bill of exceptions to any decision, opinion, order or charge of the court or other proceedings in the case; and the judge shall sign such bill of exceptions, under the rules prescribed in civil suits, in order that such decision, opinion, order or charge may be revised upon appeal.''

This article was in the old code and has never been changed. It is our conception of it that it prescribes merely the method of preparing bills of exception and presenting them and refers to the civil statutes for no other purpose. The requisites of bills of exceptions are prescribed in Articles 2058 and 2059 of the Revised Civil Statutes, and in the same chapter is found the procedure for presenting them. It must be assumed that in the original enactment of Chapters 59 and 138 of the Acts of the Thirty-third Legislature, and in amending Chap. 59, the failure to amend Chap. 138, the Legislature intended that the distinction between the practice in civil cases and criminal cases with reference to special charges, and exceptions thereto as reflected by previous Legislatures and by judicial interpretation should continue to exist, also that in civil cases it was deemed sufficient that the special charge become a part of the record and be subject to review without bills of exceptions, but that this was not sufficient in criminal cases; therefore, the rule as originally prescribed in Chap. 59, Article 1913, with reference to civil cases was abandoned by the enactment of Chap. 177 of the Acts of 1917.

We are referred by counsel for appellant to Goldstein's case, 73 Texas Crim. Rep., 558, 166 S. W. Rep., 151, in support of the view that an exception to the refusal of a special charge has not heretofore been regarded as necessary. In Goldstein's case there was a special charge duly presented, refused and exception reserved. There was a question raised with reference to whether the bill had been filed in time. The court held that the exception was sufficient and intimated that the court had not theretofore held an exception necessary. The question at issue did not call for such a declaration. Moreover, it was conflict with previous decisions of this court, notably, Phillips v. State, supra, from which we have quoted above, together with others embraced in the sections of White's Ann. Code of Crim. Proc., to which reference is made above.

We believe that we have pointed out before that there is a reason for the difference in the practice. In civil courts, an assignment of error points out the reason upon which the appellant contends that there was error in refusing his special charge, and in the absence of such assignment of error either embraced in the motion for new trial or otherwise, the civil courts of appeals are not required to and will

not review the action of the trial court in refusing to read to the jury the requested charge. See Barrios v. State, 83 Texas Crim. Rep. 548; 204 S. W. Rep. 327. In criminal cases, neither assignment of error nor motion for new trial is required. The only means available to this court to determine that the refusal of a special charge was objectionable, will be by some indorsement on or relating to the charge, made by the trial judge, or bill of exceptions showing that the action of the court thereon was made the subject of an exception. To re-state the matter, on appeal in a civil case, it is incumbent upon the appellant to make known to the court on appeal his complaint of the refusal to read his special charge by his *assignment of error*, and in a criminal case, there being no assignment of error provided by law, there exists a reason for the distinction made by the Legislature in the enactment of Chap. 177 of the Acts of 1917 and Chap. 138 of the Acts of 1913.

It is necessary that in some appropriate manner the record make known to this court that the refusal of a special charge was not acquiesced in. The trial court frequently, responding to a request for special charges or to exceptions to the main charge, so amends his instructions to the jury as to obviate the criticisms. In such cases the written exceptions to the main charge and the special charges are still parts of the record, and unless the record in some way reveals to this court that the action of the trial court in refusing the special charge is intended to be made the subject of complaint on appeal, it will not be given consideration. Several expressions of the court to this effect are found in Vernon's Texas Crim. Stat., 1922, Sup. Vol. 2, p. 2505. Others will be found in later reports not annotated at this time.

In deference to the earnest oral argument of counsel and the motion for rehearing, which reveals much research and thought, we have reviewed the record very carefully but are of the opinion that the former disposition of the case is correct.

The motion for rehearing is overruled.

*Overruled.*