### Richard Toran v. The State.

#### No. 8963.  Delivered January 28, 1925.

**1.—Sale of Intoxicating Liquors—Special Charge—Must Except to Refusal.**

Where a special charge is presented and refused, an exception must be reserved to this action of the trial court, or the matter will not be considered on appeal.  It is indispensible that this appear from the record.  Linder v. State, 94 Tex. Crim. Rep. 316; 250 S. W. 703.

**2.—Same—Evidence—Cross-Examination—Other Offenses.**

Where the prosecuting attorney in his cross-examination of appellant asked the following question: "How many cases you got pending in this court at this time," and the objection to the question was sustained, we find no error in the mere asking of the question.

Appeal from the District Court of Chambers County.  Tried below before the Hon. J. M. Combs, Judge.

Appeal from a conviction for the sale of intoxicating liquor; penalty, one year in the penitentiary.

*E. B. Pickett, Jr.,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for the sale of intoxicating liquor.  Punishment is one year in the penitentiary.

One special charge was refused.  The record fails to show that any exception was reserved to this action of the court.  It is indispensible that this appear from the record.  Linder v. State, 94 Texas Crim. Rep., 316, 250 S. W. Rep., 703.

Upon cross-examination of appellant the district attorney asked the following question: "How many cases you got pending in this court at this time?"  Objection to the question was sustained, but appellant avers the asking of the question calls for a reversal.  We cannot agree that this result should follow.  It is not certified in the bill that no cases were pending in the court against appellant.  He

was being tried in the district court, and if other cases were pending against him in that court the presumption would obtain that they were felony charges upon indictments. Such fact, if it existed, was available to the State to impeach appellant as a witness. (Sec. 167, p. 101, Branch's P. C.) The question was awkwardly framed, but we do not believe the mere asking it calls for a reversal.

There is no merit in the contention that the evidence fails to show the liquor bought from appellant to be intoxicating. The alleged purchaser repeatedly says it was "whiskey," that he only took one swallow of it, but knows that four or five swallows have made him drunk. He further says that another party who drank more of it did get drunk on it. ·