when entered into freely and voluntarily, shall be held sacred and shall be enforced by courts of justice" unless, perchance, contravention of public right or welfare very clear appears. Missouri, K. & T. Ry. Co. v. Carter, 95 Tex. 461, 68 S. W. 159; Baltimore & O. S. W. Ry. Co. v. Voigt, 176 U. S. 498, 20 S. Ct. 385, 44 L. Ed. 560; Printing & N. R. Co. v. Sampson, 19 Eq. Cas. (L. R.). The claim of invalidating public policy is not sufficiently grounded to have warrant for striking down the agreement in question. For cases more or less in point on the general question see Reagan Bale Co. v. Heuermann (Tex. Civ. App.) 149 S. W. 228; Langben v. Goodman (Tex. Civ. App.) 275 S. W. 841; Storrow v. Texas Compress, etc., Co. (C. C. A.) 87 F. 612; Allen v. Montana Ref. Co., 71 Mont. 105, 227 P. 582; State ex rel. Frank v. Swanger, 190 Mo. 561, 89 S. W. 872, 2 L. R. A. (N. S.) 121, 4 Ann. Cas. 563; People v. Koenig, 133 App. Div. 756, 118 N. Y. S. 136; Kent v. Quicksilver Mining Co., 78 N. Y. 159; Millspaugh v. Cassedy, 191 App. Div. 221, 181 N. Y. S. 276; Wilson v. Parvin (C. C. A.) 119 F. 653; Hamlin v. Ry. Co. (C. C. A.) 78 F. 664; Miller v. Ratterman, 47 Ohio St. 141, 24 N. E. 496; Commonwealth v. Detwiller, 131 Pa. 614, 18 A. 990, 992, 7 L. R. A. 357, 360; Gen. Invest. Co. v. Bethlehem Steel Co., 87 N. J. Eq. 234, 100 A. 347 (cited by appellants); Funkhouser v. Capps (Tex. Civ. App.) 174 S. W. 897; Haldeman v. Haldeman, 176 Ky. 635, 197 S. W. 376; Luthy v. Ream, 270 Ill. 170, 110 N. E. 376, Ann. Cas. 1917B, 368; Morel v. Hoge, 130 Ga. 625, 61 S. E. 487, 16 L. R. A. (N. S.) 1136, 14 Ann. Cas. 935; Sheppard v. Rockingham Power Co., 150 N. C. 776, 64 S. E. 894; Gage v. Fisher, 5 N. D. 297, 65 N. W. 809, 31 L. R. A. 557; People v. Emmerson, 302 Ill. 300, 134 N. E. 710, 21 A. L. R. 636; Brooks v. State, 3 Boyce (Del.) 1, 79 A. 800, 51 L. R. A. (N. S.) 1126, Ann. Cas. 1915A, 1133; Durkee v. People, 155 Ill. 354, 40 N. E. 628, 46 Am. St. Rep. 340; State v. Anderson, 31 Ind. App. 34, 67 N. E. 208 (cited by appellees).

[6] We recommend that the questions certified be answered as follows: No. 1: "So far as presently involved at least the contract is binding upon the holders of class B stock." No. 2. "No."

CURETON, C. J. Opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified to the Court of Civil Appeals.

---

### GRAVES v. STATE.    (No. 11407.)

Court of Criminal Appeals of Texas.   Feb. 29, 1928.

**Criminal law** &#9740;1086(14)—**Bill of exceptions to refusal of special charges was not considered, where neither bill nor notation on charges showed exception was reserved.**

Bill of exceptions to refusal of special charges was not entitled to consideration, where it did not appear by formal bill or by notations on the charges themselves, over the trial judge's signature, that exception was reserved, since exception must be shown by one or the other of such methods.

Appeal from Lubbock County Court; Chas. Nordyke, Judge.

W. R. Graves was convicted of swindling, and he appeals. Affirmed.

Jno. L. Ratliff, of Lubbock, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for misdemeanor swindling; punishment being a fine of $100 and confinement in the county jail for 24 hours.

No statement of facts accompanies the record. Three special charges were requested and are simply marked "Refused." It is not made to appear by formal bill of exception nor by notation on the charges themselves over the trial judge's signature that exception was reserved to the refusal to give them. In one or the other of such methods, it must be shown that exception was taken to the action of the court. Linder v. State, 94 Tex. Cr. R. 316, 250 S. W. 703, and authorities collated therein. Also, see Cunningham v. State, 97 Tex. Cr. R. 624, 262 S. W. 491. Even if the requested charges could be considered, it is impossible for this court to determine whether they were applicable in the absence of the facts.

The judgment is affirmed.

---

&#9740;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes