## D. D. Barrett v. The State.

No. 12318.   Delivered February 6, 1929.
Rehearing denied January 1, 1930.

The opinion states the case.

*N. C. Walker* of San Saba, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is unlawfully practicing medicine; the punishment a fine of fifty dollars and confinement in the county jail for one hour.

It was charged in the indictment that appellant publicly professed to be a physician and treated a physical disorder of a human being without first having registered his authority for practicing

medicine in the district clerk's office of San Saba County, Texas. It was averred that appellant treated a physical disorder of one Ben Lewis, and prescribed treatments for the said Ben Lewis for the purpose of effecting a cure of his physical disorder, for which he made a charge.

It is appellant's contention that the evidence is insufficient to support the averments contained in the indictment. It was undisputed that appellant had not registered his authority to practice medicine in the office of the district clerk of San Saba County, Texas. State's witness Lewis testified that he became ill; that his wife called for Dr. Barrett over the telephone; that appellant responded and came to see him at his home in San Saba County, where he treated him by rubbing different parts of his body with his hands; that appellant asked him what his trouble was and he advised appellant that he was having stomach trouble; that appellant gave him two kinds of medicine and told him to take said medicine; that appellant charged him for the call. It further appears that appellant treated others in the same manner and charged for his services. The labels on the medicines prescribed by appellant showed that said medicines were "Put up by Dr. D. D. Barrett." Appellant testified that he was a masseur and that he so represented himself and practiced within the particular sphere of labor of a masseur. It appears from the testimony of appellant and his witnesses that when he first took up his residence in San Saba County, he called a mass meeting and advised the people that he was a masseur and not a physician.

Article 740 P. C. exempts from the provisions of the Medical Practice Act masseurs in their particular sphere of labor who represent themselves as such. Article 741 P. C. provides:

"Any person shall be regarded as practicing medicine within the meaning of this chapter:

1. Who shall publicly profess to be a physician or surgeon and shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof.

2. Who shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof and charge therefor, directly or indirectly, money or other compensation."

Appellant not only treated his patients by rubbing them, but prescribed medicine for their physical disorders for the purpose of

effecting cures. We deem the evidence sufficient to support the conviction.

There are several objections to the court's charge. The special charges requested and refused cannot be considered. They contain no notation on them certified to by the trial judge advising this court at what time they were presented to the trial court. Edge v. State, 275 S. W. 1010. This being a misdemeanor, errors in the charge, unless fundamental, were not only required to be excepted to, but special charges correctly presenting the matters complained of should have been presented and, if refused, such refusal should have been excepted to. The errors in the charge not being fundamental and this court being unauthorized to consider the requested special charges, no question on the charge is presented for review. Simpson v. State, 220 S. W. 777.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the rule applicable to refused special charges appearing in Art. 2188, Revised Civil Statutes,—which requires that when such charges are marked refused there shall be a presumption that the party asking such charges presented same at the proper time, etc.,—should be given effect in this case, and that we erred in refusing to consider his three special charges each of which was marked refused but none of which showed by any content or notation thereon, or separate bill of exceptions relative thereto, when such charge was presented to the trial court; i. e., that such charge was presented at the time required by Art. 659, C. C. P., which is before the court reads his main charge to the jury. A somewhat similar question was considered in Linder's case, 94 Texas Crim. Rep. 316, 250 S. W. Rep. 703. In the Regular Session of the Legislature in 1913 acts were passed regulating the manner and time of charges in both civil and criminal cases. That relating to such procedure in civil cases will be found in Chap. 59 of the Acts of the Legislature, Regular Session 1913. The act relating to criminal charges is in Chap. 138, id. The enactment of 1917, which contains what is now Art. 2188,

supra, referred to by appellant, was an amendment of Chap. 59, supra, and has no reference to the procedure in criminal cases. The rule requiring that in criminal cases the record show in some way that special charges were presented to the court before the main charge was read to the jury, has been many times upheld by this court. Johnson v. State, 81 Texas Crim. Rep. 71; Harper v. State, 86 Texas Crim. Rep. 446; Grissom v. State, 87 Texas Crim. Rep. 465; Harris v. State, 93 Texas Crim. Rep. 349; Vitrano v. State, 95 Texas Crim. Rep. 393; Gray v. State, 100 Texas Crim. Rep. 195.

Appellant seems under the impression that a different rule should apply in misdemeanor cases, but such does not seem to be the case. Brogdon v. State, 63 Texas Crim. Rep. 475; Bradley v. State, 136 S. W. Rep. 446; Durham v. State, 57 Texas Crim. Rep. 279. The case of Giles v. State, 148 S. W. Rep. 320, cited by appellant, seems to us to hold pointedly against his contention, for it is therein stated in so many words that in misdemeanor cases the only way to have the appellate court consider complaints of the charge, or *the refusal of special charges requested,* is by taking bills of exception at the time, which must set out the specific grounds of the complaint.

Appellant did except in writing to the court's charge on the ground that it erroneously told the jury that although they found that appellant was a masseur acting in his sphere of labor, still if they found that he charged for his treatments, he should be found guilty herein; it being urged that such charge was on the weight of the evidence. We do not think so. Art. 741, P. C., in so many words, makes him a practitioner of medicine, i. e., one who must register in the district clerk's office his authority to so practice,— who treats or offers to treat any disease of human beings, etc., and charges therefor. If we follow the established holdings of this court we see no escape from the conclusion under the facts of this case, that the trial court correctly charged the law applicable to such facts. Newman v. State, 58 Texas Crim. Rep. 223; Milling v. State, 67 Texas Crim. Rep. 551; Newman v. State, 163 S. W. Rep. 427.

Being unable to agree with appellant's contention, the motion for rehearing is overruled.

*Overruled.*

HAWKINS, J., absent.