BERRY, Judge.
 

 Appellant was convicted in the district court of Fisher County for the offense of transporting spirituous, vinous and malt liquors and medicated bitters capable of producing intoxication and his punishment assessed at confinement in the penitentiary for a term of three years.
 

 The State’s testimony shows that appellant was driving along a highway in Fisher County in his automobile; that he was arrested, and in the ear were found sixteen half gallon fruit jars containing corn whisky. In company with appellant were his wife’s sister, Mrs. Hodge, and an unknown man known as Martin. Appellant testified that Martin put the whisky in his car without his knowledge or consent.
 

 Defendant makes the contention that, as the indictment charged transportation of spirituous, vinous and malt liquors and medicated bitters capable of producing intoxication, and as the proof shows that the concoction in appellant’s car was whisky, there is a fatal variance between the allegations and proof. This contention is not sound. Whisky is a spirituous liquor. Hendley v. State, 94 Cr. 40; Cotton v. State, 94 Cr. 397; Aston v. State, 49 S. W., 385; Douthitt v. State, 61 S. W. 404.
 

 A charge on circumstantial evidence was not required in this ease. Appellant was admittedly transporting liquor in his own automobile, and no case has been cited — and, indeed, none are in existence in this State — where a charge on circumstantial evidence is required in a case of similar facts.
 

 By bill of exception No.
 
 2
 
 appellant contends that as the allegations that appellant transported spirituous, vinous and malt liquors and medicated bitters capable of producing intoxication were pleaded conjunctively, it was incumbent upon the State to prove each of said allegations in order to sustain a conviction, and, as the testimony shows only the transportation of whisky, the State has not discharged the burden .of also proving that he transported vinous and malt
 
 *687
 
 liquors and medicated bitters capable, of producing intoxication. Under the allegations in this indictment, proof of the transporting of either spirituous vinous or malt liquors or medicated bitters capable of producing intoxication was entirely sufficient. No case holding the contrary doctrine has been cited or found.
 

 What has already been said with reference to bill No. 2 also disposes of appellant’s contention as raised by bills 4 and 5.
 

 Paragraphs 4 and 6 of the court’s charge fully protected appellant against any possible error with reference to the charge on the burden of proof.
 

 Finding no reversible error in the record, it is our opinion that the case should be affimed.
 

 Affirmed.
 

 The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.