### FRANK CLARK v. THE STATE.

No. 10149. Delivered May 5, 1926.

1.—Manufacturing Intoxicating Liquor—Argument of Counsel—Not Reversible Error.

Where, on a trial for manufacturing intoxicating liquor, the State's Attorney in his argument denounces bootleggers in general and appellant does not request the court to not consider such argument no reversible error is shown. In such cases, unless we conclude the argument of such

vicious character as that its harmful effect could not have been removed by such instruction, we will not interfere.

**2.—Same—Circumstantial Evidence—Held Correct.**

The court's charge on circumstantial evidence, which may have been corrected after appellant's exceptions to same were presented, is not shown to have been incorrect, and it was not necessary that the special charge requested by appellant on this issue should have been given.

Appeal from the District Court of Jefferson County. Tried below before the Hon. J. D. Campbell, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Rose & Johnson* of Port Arthur, *F. G. Vaugh* of Beaumont, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Jefferson County of manufacturing intoxicating liquor; punishment one year in the penitentiary.

About two miles from Port Arthur in Jefferson County is Port Acres. About 6 o'clock on a certain Friday the sheriff of the county was in Port Acres and observed appellant and two other men loading a skiff with groceries, oil, gasoline, etc. The skiff was tied on behind a launch. After loading the boat the three men left with the launch and skiff, going up what is known as Taylor's Bayou. The sheriff testified that he had known appellant about two years, during which time he had never known of his being engaged in any business. When he saw said men leave Port Acres he at once began to make preparation, as he testified, to search for stills, having had information that "they were running up said bayou." Among other things which he saw them load into the boat were a number of five-gallon cans of gasoline, also oil cans, the latter having potatoes stuck on the spouts. Securing a launch and a skiff the sheriff left next morning about daylight, as he expressed it, "to look for those men and their stills." As the sheriff's party proceeded up Taylor's Bayou they saw appellant in the skiff which had been loaded with the gasoline, etc., the night before, come into Taylor's Bayou from what the witnesses

called "a little blind slough — a floating turf slough." The sheriff and another man got in their skiff and went into said blind slough. After going a short way they heard a roaring noise and going toward the noise came to where two large stills were in operation on the bank, one burning, being fired by a gasoline pressure tank which made the noise they heard; the other still was paying off, i. e. the whiskey was running from the coil. Lying under the shade of some cane near the·still were the two other men who had left Port Acres the night before with appellant. Both of said men were arrested. Empty mash barrels were scattered about, some eighteen in number. In one barrel was found thirty-five gallons of whiskey. The five-gallon gasoline cans which the three men had been seen to load into the boat the night before at Port Acres were at the stills. The oil cans with potatoes stuck in the spouts were found in the launch. According to·the estimate of one witness the place where appellant was seen to come out of the blind slough which led up to the stills, was about seventy-five or one hundred yards from said stills. Appellant was in his working clothes, and, as said by one witness, was greasy, dirty and smutty, and looked like a man who had been out all night. The sheriff testified that when they left appellant where they saw him in the skiff come out of the blind slough, he told appellant to stay around, that they would be back for him in a minute or two. When they presently came back to the place appellant had gone and was not seen by them until he was arrested a week or more later.

The evidence is thus set out because its sufficience is challenged. The court submitted the case on the theory of circumstantial evidence. We deem it scarcely necessary to recapitulate but have no doubt of the sufficiency of the evidence to justify the jury in concluding on the facts that appellant was equally guilty with the other two men.

Two bills of exception present exceptions to argument of state's counsel. In each instance the objection was that the argument was inflammatory. The argument was directed toward bootleggers in general. The evidence supporting the verdict and the lowest penalty having been inflicted, this would appear to overcome the claim of likelihood of injury from such argument. We further observe that there was no request in either instance for an instruction to the jury not to consider said argument. In such case, unless we conclude the argument of such vicious character as that its harmful effect

could not have been removed by such instruction, we will not interfere.   We do not so think in this case.

We find no fault with the court's charge on circumstantial evidence, which may have been corrected after appellant's exceptions to same were presented, nor do we deem it necessary that the special charge asked on this issue have been given.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*