## SCOTT MITCHELL V. THE STATE.·

No. 11266.   Delivered February 29, 1928.

Rehearing denied May 30, 1928.

### 1.—Possessing Intoxicating Liquor—Confession of Accused—And Proof of Corpus Delicti—Supports Conviction.

Where, on the trial of his co-defendant, Mrs. McLennan, appellant voluntarily appeared as a witness and testified that he placed the whiskey, found by officers on Mrs. McLennan's premises, just before Christmas in the year 1926, and that it belonged to him, and described the manner of burying and concealing the whiskey, this confession, given as a witness in open court, was sufficient to warrant his conviction.

### 2.—Same—Continued.

In the case of Clark v. State, 210 S. W. 544, this court stated the rule as follows: "It is the settled law of this state that the confession of one accused of crime, of his connection therewith, will justify his conviction where the facts making out the substantive crime have been shown otherwise. Also see Attaway v. State, 35 Tex. Crim. Rep. 403, and other cases cited in original opinion.

### 3.—Same—Argument of Counsel—Bill of Exception—Insufficient.

Where appellant complains of the argument of State's Attorney, averring that same was in reference to appellant's failure to testify, in referring to the absence of defensive testimony, but does not show that there were no other witnesses who could have denied that appellant buried the whiskey on Mrs. McLennan's premises, such bill is insufficient.

### 4.—Same—Continued.

The bill of exception must manifest the error complained of and be complete within itself. This bill does not show on its face that appellant was the only other party present who could have denied the evidence offered by the state. There may have been other witnesses present, so far as this bill of exception is concerned, and we will not aid a bill by presuming there were not other witnesses present. This should have been shown on the face of the bill itself. See Huff v. State, 103 S. W. 394, and Hubbard v. State, 251 S. W. 1054.

### 5.—Same—Argument of Counsel—Not Reversible Error.

Where State's Attorney, in his argument to the jury, said: "Gentlemen, the bootlegger comes slipping in at night and sells his stuff to your boy and mine and disappears before the coming of the day," which, on objection by appellant, the court instructed the jury not to consider said remarks. If improper, it does not appear from the record that the use of the language complained of resulted in injury to appellant, and same would not, in the light of the evidence, call for a reversal of the case. See Clark v. State, 285 S. W. 328; Cobb v. State, 274 S. W. 153.

### 6.—Same—New Trial—Refusal of Continuance—Rule Stated.

Where appellant complains of the refusal to grant him a new trial on account of the absence of witnesses, and no affidavit of such absent witnesses was attached to his motion, the judicial discretion rests with the trial judge of determining whether the absent testimony was probably true,

in view of the evidence heard upon the trial.   See Cruz v. State, 272 S. W. 486, and Boxley v. State, 273 S. W. 589.

#### 7.—Same—Continued.

Where, however, the absent witness makes affidavit that if present he would testify to the facts stated in the application for a continuance, and such affidavit is attached to the motion for a new trial, the discretion of the trial judge to determine the probable truth of such testimony ceases to operate.   See Cruz v. State, supra, and White v. State, 236 S. W. 745.

ON REHEARING.

#### 8.—Same—Evidence—Of Corpus Delicti—Rule Stated.

In the Kugadt case, 38 Tex. Crim. Rep. 681, it was held in an opinion by Judge Hurt that a confession may be used in aid of other evidence making out the *corpus delicti*, and that opinion has been uniformly followed by this court down to the present time.   See cases cited in opinion on rehearing.

#### 9.—Same—Continued.

It may be added that the rule of evidence requiring corroboration of a confession is of very doubtful application to the facts in this case.   The testimony which appellant gave upon the trial of Mrs. McLennan was not a confession, but a voluntary statement under oath in a judicial proceeding. It was given under none of the conditions which render the voluntary nature or truth of an extrajudicial confession questionable.   It was not denied, and proof of the corpus delicti aliunde, his testimony in the McLennan case, was sufficient.   See Preston v. State, 41 Tex. Crim. Rep. 308, and other cases cited in opinion on rehearing.

Appeal from the District Court of Mitchell County.   Tried below before the Hon. Fritz R. Smith, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*J. F. Cunningham* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

Officers searched the residence of Mrs. Alva McLennan and discovered a large quantity of whiskey which was buried near the house.   Appellant was not present when the search was made.   On the trial of Mrs. McLennan, appellant voluntarily appeared and testified that he placed the whiskey on her premises

just before Christmas in the year 1926, and that it belonged to him. He described the manner of burying and concealing the whiskey. Appellant did not testify on the present trial and offered no testimony in his behalf.

Appellant contends that the evidence is insufficient to sustain the conviction, basing his position on the claim that the corpus delicti is shown solely by his confession. The facts making out the substantive crime were shown otherwise than by appellant's confession. There was no doubt that the offense for which appellant was tried had been committed by somebody. Such being the case, appellant's confession of his guilty connection with the crime was sufficient to justify his conviction. In the case of Clark v. State, 210 S. W. 544, this court stated the rule as follows:

"It is the settled law of this state that the confession of one accused of crime, of his connection therewith, will justify his conviction when the facts making out the substantive crime have been shown otherwise."

See also Attaway v. State, 35 Tex. Crim. Rep. 403, 34 S. W. 112; White v. State, 40 Tex. Crim. Rep. 366, 50 S. W. 705; Sullivan v. State, 40 Tex. Crim. Rep. 633, 51 S. W. 375; Landreth v. State, 44 Tex. Crim. Rep. 239, 70 S. W. 758.

As hereinbefore stated, appellant did not testify in his own behalf. Bill of exception No. 1 shows that, in his closing argument, the District Attorney used the following language:

"Gentlemen, he has confessed on the woman's trial that he brought this whiskey here and buried it on her premises, and where is the evidence on this trial disproving it?"

Appellant objected to such remarks as being a comment on the failure of appellant to testify. The court sustained the objection and instructed the jury not to consider such remarks. The bill shows affirmatively that appellant did not testify on his trial, but does not show that there were no other witnesses who could have denied that appellant buried the whiskey on Mrs. McLennan's premises. Such being the case, the bill of exception is insufficient, and therefore, not subject to review. We quote the language of Judge Davidson in Huff v. State, 103 S. W. 394, as follows:

"But we have another line of decisions, which seem to be unbroken, that a bill of exception must manifest the error complained of and be complete within itself; that this court will not refer to other portions of the record to make a complete bill of exception. This bill does not show on its face that appel-

lant was the only other party present at the time of the purchase of the whiskey except the witness Bolt. In order to make this bill complete, it should have been shown by its terms that there were no other witnesses present except defendant and Bolt, or it should have been shown, if it was a question of alibi, that there were no other witnesses by whom appellant could prove the alibi except himself. There may have been other witnesses present so far as this bill of exception is concerned, and we will not aid a bill by presuming there were not other witnesses present. This should have been shown on the face of the bill itself."

See also Hubbard v. State, 251 S. W. 1054, and authorities cited.

As shown by bill of exception No. 2, the District Attorney used in his argument language as follows:

"Gentlemen, the bootlegger comes slipping in at night and sells his stuff to your boy and mine and disappears before the coming of the day."

Upon objection of appellant, the court instructed the jury not to consider such remarks. We are unable to agree with appellant that his bill manifests reversible error. If improper, it does not appear from the record that the use of the language complained of resulted in injury to appellant. The evidence was amply sufficient to sustain the conviction and appellant received the minimum penalty. Clark v. State, 285 S. W. 328; Cobb v. State, 274 S. W. 153.

Appellant was indicted on May 12, 1927. Prior to his indictment he had been remanded to jail in default of bond, and was in jail at the time of the return of the indictment and at all times thereafter was in jail. He was unable to employ an attorney until May 19, 1927. His trial began on May 26, 1927. When the case was called for trial appellant presented his first application for a continuance, showing that certain witnesses, who were alleged to live in Upton and Crane Counties, were absent. Attempting to excuse himself for not having sooner applied for process on the ground that he had been in jail, was unknown in Mitchell County, had no one to aid him in preparing his defense, and was not able to secure an attorney until May 19th, appellant showed in his application that process for the witnesses had been applied for, issued, and mailed to the sheriffs of Upton and Crane Counties on the date last mentioned. The subpoenas were made returnable on May 26th, but were not returned, although it was shown that there had been ample time for their return. Appellant averred that the absent wit-

nesses would testify that he, appellant, was drilling oil wells for them in Upton and Crane Counties continuously from about October 1, 1926, to January 15, 1927, as shown by the permanent log of the wells kept by the witnesses and signed daily by appellant.

Appellant reserved an exception to the overruling of his application for a continuance as shown by Bill of Exception No. 3, and based his motion for a new trial in part on such action. No affidavits of the absent witnesses showing that if present they would testify to the facts alleged by appellant were appended to the motion for a new trial.

Waiving the question of diligence, no affidavits showing that the absent witnesses would testify to the facts alleged by appellant being attached to the motion for a new trial, the judicial discretion rested with the trial judge of determining whether the absent testimony was probably true in view of the evidence heard during the trial. Cruz. v. State, 272 S. W. 486. The action of the trial court in denying a continuance will not be reviewed upon an appeal unless when considered in the light of the evidence adduced on the trial the absent testimony was shown to be material and probably true. Boxley v. State, 273 S. W. 589. Where the absent witness makes affidavit that if present he would testify to the facts stated in the application for a continuance and such affidavit is attached to the motion for new trial the discretion of the trial judge to determine the probable truth of such testimony ceases to operate. Cruz v. State, supra; White v. State, 236 S. W. 745. The proof was positive that appellant testified on the trial of Mrs. McLennan that the whiskey in question belonged to him. He did not testify on his own trial. His confession of guilt was uncontroverted.

In the light of the evidence, we must conclude that the trial court was justified in his conclusion that the testimony set forth in the application for a continuance was not probably true. It follows that in denying the motion for a new trial based in part on the application for a continuance, the trial court did not err.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge. — Certain whiskey was found upon the premises of Mrs. McLennan. Some of the bottles containing whiskey were buried under a smokehouse and some were in the toilet. The testimony of the appellant, voluntarily given upon the trial of Mrs. McLennan, was reproduced and introduced upon behalf of the State. Such testimony was in substance that the whiskey found upon the premises of Mrs. McLennan belonged to the appellant; that he purchased it at a certain place and that it was delivered to him at the McLennan home and there buried by him. He described the places where it was buried and the manner of burying it. He identified certain jars of whiskey and other articles that had been found upon the premises of Mrs. McLennan and stated that they were part of the property which he had buried.

Against the sufficiency of the evidence it is urged that the proof of the corpus delicti comes alone from the confession of the appellant. There were more than sixty pint bottles found buried on the premises of Mrs. McLennan. Under the statute, Art. 671, P. C. 1925, the possession of more than one quart of intoxicating liquor is made prima facie evidence of guilt. The presence, therefore, of the quantity of whiskey mentioned was prima facie evidence that it was possessed by some one for sale. According to the appellant's sworn testimony upon the trial of Mrs. McLennan, the whiskey belonged to him and was placed by him at the points where it was found by the officers. In an exhaustive opinion upon the subject of proof of the corpus delicti, this court, speaking through Judge Hurt, in Kugadt's case, 38 Tex. Crim. Rep. 681, declared that a confession may be used in aid of evidence in making out the corpus delicti. The rule stated in Kugadt's case, supra, was applied and approved by this court, in an opinion written by Judge Davidson, in the case of Sowles v. State, 52 Tex. Crim. Rep. 17. It was sanctioned and discussed in the case of Aven v. State, 95 Tex. Crim. Rep. 159; also Bennett v. State, 95 Tex. Crim. Rep. 422; Dyer v. State, 96 Tex. Crim. Rep. 301. It is not believed that in the original opinion the rules of evidence were transgressed in holding that upon the facts shown by the record the corpus delicti was established by competent evidence. It may be added that the rule of evidence requiring corroboration of a confession is of very doubtful application to the facts in the present instance. The testimony which the appellant gave upon the trial of Mrs.

McLennan was not a confession.   It was a voluntary statement
by him under oath in a judicial proceeding under the eye of a
trial court.   It was given under none of the conditions which
render the voluntary nature or truth of an extrajudicial con-
fession questionable.   The statement was admissible in evidence
as original testimony against the appellant upon his own trial.
Its admissibility would not depend upon warning as required
by the confession statute, nor would it have been affected by his
being in custody.   With reference to such testimony the safe-
guards touching its voluntary nature and warning which are
made necessary by the statute (Art. 727, P. C. 1925), are not
demanded.   This has been repeatedly declared.   See Preston v.
State, 41 Tex. Crim. Rep. 308; Collins v. State, 39 Tex. Crim.
Rep. 447; Johnson v. State, 39 Tex. Crim. Rep. 637, and numerous
other cases collated in Branch's Ann. Tex. P. C., Sec. 80.

The other matters to which the motion for rehearing adverts
are deemed to have been correctly decided and discussed in the
original opinion.

The motion is overruled.

*Overruled.*