## NICHOLSON v. STATE. (No. 12501.)

Court of Criminal Appeals of Texas. May 29, 1929.

Rehearing Denied Oct. 16, 1929.

Cleo G. Clayton, of Amarillo, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the unlawful possession for the purpose of sale of spiritous, vinous, and malt liquor capable of producing intoxication; penalty, one year in the penitentiary.

Appellant was a bell boy in the Herring Hotel in Amarillo. A Mrs. Lee occupied room 1006 in said hotel. The manager of the hotel, becoming suspicious, began to watch her room. Appellant came up and asked the manager what he was watching the room for and was told by witness that he thought he had some whisky located there. 'In a little while appellant returned and told the manager: "I will come clean with you, that is my stuff in there. He said, Be as easy on this as you can and give me a chance to get away. * * * This defendant showed me and pointed out to me that which he referred to as his stuff." About this time the officers arrived, took appellant below, where he changed his clothes, and returned in about five minutes and again admitted to the officers that the stuff in the grip was his, opened same, and officers saw that it contained 5 quarts of gin and 20 pints of whisky. It is further shown that appellant was seen going into the room a short time before this. Appellant introduced testimony attempting to show that the room was occupied and under the control of Mrs. Lee and that another, to wit, one Topscott, had placed the grip in which the whisky was found in her room.

■ Appellant's first contention is that, the appellant being under arrest, his admission of ownership of the whisky, quoted above, was inadmissible. The statement was res gestæ of the offense and was admissible, though made verbally, without warning, and while under arrest. Bevers v. State, 10 Tex. Cr. R. 612, 9 S.W.(2d) 1040.

■ It is insisted that the allegation of the indictment of the possession of spiritous liquor was not proven. The testimony was that it was whisky, which sufficiently proved the allegation. Billings v. State, 99 Tex. Cr. R. 653, 271 S. W. 607.

■ The court charged on principals authorizing a conviction, in substance, if the appellant unlawfully possessed it or if Mrs. Lee and Topscott or either unlawfully possessed it, and that appellant was there present when the offense was committed, and, knowing the un-

lawful intent, acted together with whoever committed it or by acts aided or by words or gestures encouraged whoever committed it. The particular objection leveled at this is that it was upon a false issue and was without evidence to support it. There was evidence that Topscott placed the whisky in the room of Mrs. Lee, who apparently had possession of it. There was further testimony from the appellant that the whisky belonged to him and further circumstances tending to show that he kept watch over same. As against the objections made, the charge was not error. It was not upon a false issue, in our opinion, as there was some testimony raising the issue of an acting together of the three parties in question.

The court failed to charge the converse of the above, but no exception to such failure appears in the transcript.

■ It is ably argued that there was no sufficient proof of the corpus delicti, and, the evidence of the extrajudicial confession of appellant not being corroborated, the court should have peremptorily instructed the jury to acquit. It is well settled that an extrajudicial confession alone is not sufficient to establish the corpus delicti. Duncan v. State, 109 Tex. Cr. R. 668, 7 S.W.(2d) 79, and authorities there collated. See, also, Mitchell v. State, 109 Tex. Cr. R. 643, 6 S.W.(2d) 753. "The phrase corpus delicti means, literally the body of the transgression charged, the essence of the crime or offense committed, the existence of the substantial fact that a crime or offense has been committed." Wharton's Criminal Law (11th Ed.) vol. 1, paragraph 347. Quoting further from Wharton's Criminal Law: "The essential elements of the corpus delicti are (1) the existence of a certain state of fact or result forming the basis of the criminal act charged, and (2) the existence of a criminal act or agency or cause in bringing the state of fact into existence; e. g., that a man has died, a building has been burned, particular property is no longer in its owner's possession, and that some person wrongfully brought about this state of fact. Some of the cases go a step further and require (3) that defendant's criminal agency in the production of the state of fact shall also be established; but this is manifestly going too far in regard to the requirement of proof of facts and things necessary to constitute a corpus delicti, and the sounder view is that proof of the corpus delicti does not include proof of the identity of the accused as the perpetrator of the crime." Wharton's Criminal Law (11th Ed.) vol. 1, paragraph 348.

As supporting the third of the above propositions, the following Texas cases are cited by the author: Lovelady v. State, 14 Tex. App. 560; Jackson v. State, 29 Tex. App. 458, 16 S. W. 247; Josef v. State, 34 Tex. Cr. R. 446, 30 S. W. 1067; Little v. State, 39 Tex. Cr. R. 654, 47 S. W. 984.

■ We believe the evidence in this case sufficiently meets the demands of the law, whether measured by the more limited or the broader rule above stated. The writer is of the opinion that the case of Lovelady. v. State, supra, and others of like character, state the rule somewhat too broadly. It is perhaps going too far to say that, in addition to proving that a crime was committed, the criminal connection of the accused with such crime must also be proven in order to establish the corpus delicti. This might constitute proof of guilt and must have been what was in the minds of the court in writing the Texas opinions cited by Mr. Wharton. There is, of course, an obvious distinction between proof of corpus delicti and proof of guilt. However, the discussion of this question is academic, and we regard the evidence in this case as sufficient, though perhaps meagerly so, to meet the demands of either rule mentioned above.

Finding no error in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

MORROW, P. J. ■ We do not understand that the res gestæ statement of the appellant asserting his ownership of the whisky at the time it was found was subject to the limitations touching corroboration pertaining to an extrajudicial confession. The judicial announcements are to the contrary. Powers v. State, 23 Tex. Cr. App. 66, 5 S. W. 153; Calloway v. State, 92 Tex. Cr. R. 506, 244 S. W. 549. As stated in the original opinion, there was testimony tending to show that the appellant was "keeping watch." Appellant insists that, since that phase of his activity was not specifically named in the charge of the court on the subject of principals, the charge was faulty to a degree requiring a reversal of the judgment. It cannot, we think, be justly said that the appellant by "keeping watch" would not be a principal offender within the meaning of the statute, the substance of which was embraced in the court's charge. The jury was told that, if others unlawfully possessed the liquor and the appellant being present and knowing of the unlawful intent, by his acts aided, or by his words or gestures encouraged, the person committing the crime, or advised or agreed to the commission of the offense, he would be a principal. Articles 65, 66, and 69, Pen. Code, 1925. If, by objection to the charge or otherwise, the attention of the court had been directed to the omission of the specific term "keeping watch," the charge would doubtless have been amended accordingly. The same may be said with reference to the instruction to the jury upon the converse of the law of principals. Code Cr. Proc. 1925,

arts. 658–660. Our statute contemplates that omissions in the charge of the court which are not made the subject of objection before the charge·is read to the jury are regarded as waived. Articles 658–660, supra; Linder v. State, 94 Tex. Cr. R. 316, 250 S. W. 703.

If the circumstances of the case are such as demanded corroboration of the appellant's confession as a prerequisite to a conviction, it is thought that the demand was satisfied. The circumstance that the appellant, by his declarations, showed a knowledge of the contents of the trunk before it was opened (which was verified by the subsequent examination of the contents of the trunk), was one upon which the jury was justified in considering against the appellant upon the question of corroboration. The room in which the whisky was found was occupied by a woman. Thompson (the owner of the hotel) having information or suspicion that there was whisky in the room, entered it in company with another witness to talk to the woman. After doing so he went to call the officers. The witness Kling (the manager of the hotel) stood near the room to make sure that the woman did not leave it. While there the appellant appeared and made inquiry as to what Kling was watching. Appellant was informed by Kling that he was watching the particular room. A few moments later the appellant returned and asked why he was watching the room and was told by Kling that he thought it contained whisky. Appellant then stated to the witness that the "stuff" in there belonged to him and requested that they be easy on him and give him a chance to get away. The evidence showed that the appellant had frequented the room in the course of his business as a bell boy in the hotel. The trunk containing the whisky was located in a small clothes closet. The trunk was opened at the jail after the appellant was arrested and in his presence. It contained nothing except a quantity of whisky and gin in bottles and the wrappings around the bottles. No key to the trunk was found upon the appellant, and he said there was none. This was while he was under arrest. He said that it had to be pried open. The trunk had the appearance of having previously been pried open.

The motion is overruled.