JOE NOWELL V. THE STATE.

No. 12759.   Delivered January 22, 1930.
Rehearing denied February 19, 1930.
Reported in 24 S. W. (2d) 420.

The opinion states the case.

*Moore & Wilson* of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

An officer went to a hotel in Amarillo and called appellant over the telephone for the purpose of inducing appellant to sell him a quart of whiskey.  He told appellant that his name was Curley Peppers, and advised appellant that he desired to buy a quart of whiskey if appellant would deliver it to him at the hotel.  Appellant had a friend named Curley Peppers.  Responding to the request of the officer, appellant went to the hotel with a quart of whiskey. There he was arrested.  Appellant went before the grand jury and,

after due warning, voluntarily stated that he had intended to sell the quart of whiskey to Curley Peppers in order that he might secure money with which to receive medical attention. He further stated to the grand jury that he had had three or four quarts of whiskey in his possession at the time he delivered the quart to the hotel. It was undisputed that appellant's physical condition was bad and it would appear that he was in need of medical attention. Testifying in his own behalf, appellant declared that he had had a conversation with Peppers on the day he was arrested in which Peppers advised him that he was ill and needed some whiskey; that in delivering the whiskey to the hotel he intended to sell it to Peppers for medicinal purposes. Peppers corroborated appellant as to having requested appellant to let him have a quart of whiskey for medicinal purposes. It seems to have been undisputed that Peppers had been in various hospitals and was in bad physical condition.

Appellant moved the court to require the state to elect upon which transaction a conviction would be sought. The motion was overruled. The court instructed the jury that if they believed appellant took one quart of whiskey to the hotel for the purpose of selling it to Peppers for medicinal purposes they would acquit him. Following this, the court gave the state's special instruction to the effect that, even though the transaction with the officer should not be found to be culpable, yet if appellant possessed other liquors, if any, for sale, he should be convicted. Appellant admitted that several months prior to his trial he had bought several quarts of whiskey, which he intended to sell. He testified that he abandoned his intention and buried the whiskey near Amarillo; that later he went to the place and got the quart in question for the purpose of selling it to Peppers for medicinal purposes; that he did not intend to sell the remainder of the liquor; that he abandoned his intention after he attempted to sell the quart to Peppers. There seems to have been but one transaction involving possession of liquor for the purpose of sale, and the court properly declined to require the state to elect.

Appellant possessed more than one quart of liquor according to his own testimony and the court did not err in submitting a charge relative to the presumption arising from the possession of more than one quart of intoxicating liquor.

Appellant objected to the charge given at the request of the state to the effect that notwithstanding the jury might find that the transaction with the officer was not culpable, yet if they found beyond

a reasonable doubt that appellant possessed other whiskey, if any, for the purpose of sale, he should be convicted. The objection was that the instruction singled out evidence and charged on the weight thereof. Without expressing an opinion as to whether said charge was subject to the objection noted, we observe that appellant testified that he had possessed other whiskey for the purpose of sale. An honest jury could hardly have failed to convict appellant. Hence, if erroneous, we are unable to reach the conclusion that the giving of such charge deprived appellant of a fair and impartial trial.

Appellant contends that as to the whiskey other than the quart carried to the officer, the corpus delicti was not established by competent evidence. We do not understand that the rule of evidence requiring corroboration of a confession has application here. Appellant testified in a judicial proceeding under the eye of the trial court that he possessed the whiskey. This was sufficient to establish the corpus delicti. See Mitchell v. State, 6 S. W. (2d) 753, Opinion on Motion for Rehearing.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State proved by its witness the possession and sale by appellant of a quart of whisky. Appellant took the witness stand and admitted his possession of this quart of whiskey, but said he sold it for medicinal purposes. During his cross-examination he admitted that at said time he had four quarts of whisky buried, and that upon being telephoned to by a man named Peppers, who besought him to sell him a quart of whisky for medicine, he dug up and sold one of said four quarts, but that he still had the other three.

The first count in the indictment charges appellant with possession of intoxicating liquor for purposes of sale, mentioning no quantity. Appellant having thus admitted himself in possession of four quarts of whisky, and that he had sold one of same, as above stated, the court gave his special charge to the effect that if he possessed *the liquor described* in the first count of the indictment with intent to

sell or deliver it to Peppers for his use as a medicine, the jury should acquit him of the offense charged in the first count. This seems to be a more favorable charge than appellant was entitled to under the facts, but the jury evidently must have declined to accept his statement, for they convicted him under the first count.

We are wholly unable to agree with appellant's contention that the State should have been required to elect between transactions. Appellant had possession of the four quarts of whisky according to his own statement, and dug up one of them and sold it. He was not convicted for transporting or for selling, but for possession, and under the facts of this case we do not think the State required to elect. Nor are we able to agree with appellant's contention that the State's special charge was erroneous. It was in effect that even though appellant may have sold one quart of whisky for medicinal purposes, still if he had other whisky and had it for sale, the jury might convict him of the offense, charged in the first count.

Being unable to agree with any of appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*