IRA (PETE) CHILDS V. THE STATE.

No. 16594. Delivered April 18, 1934.
Rehearing Denied May 30, 1934.

The opinion states the case.

*Donley & Clyde Suddath,* of Henrietta, and *Bert Edw. Derden,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* States' Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

We find in the record only one bill of exceptions, which complains of the refusal of the court below to allow in testimony an almanac for the purpose of showing what time the moon set on the night of the alleged offense. We know of no rule of law which would demand the use of such proposed testimony. There are probably almanacs and almanacs. There was no effort made to establish any authenticity or correctness of the almanac offered in this case. The authorities cited in appellant's brief seem to indicate that in the opinion of judges of other states judicial notice shall be taken of the time when the moon or sun rises on particular days. Of course if this be true, there was no sort of error in the rejection of the almanac,—for if the court took judicial knowlege of the time the moon set on the night of the alleged offense, there would be no need to introduce the almanac. We do not think the bill of exceptions shows any error.

The facts seem against appellant's proposition that the jury were not warranted in concluding his guilt established by the proof. The alleged burglarized building was equipped with a burglar alarm. The opening of the door automatically notified the central telephone operator. Being so notified on the night in question, said operator phoned to the owner of the building and apparently to the night watchman. The said owner lived

only a short distance from the burglarized house, and hastily went to same. He testified to the fact that his building was entered on the night in question without his consent, etc. He said when he got there the law had already caught one man out in front of the building. As we understand the record, not only was it shown that the outside door of the building was opened by force, but also the office door within the building. The night watchman testified that he got a telephone call from central about two o'clock in the morning and ran down to the Gulf Warehouse, the building that was alleged to have been burglarized. He said he was about three blocks away from it when notified. When he got near to said building he saw a car backed up to the platform and a man standing in front of it. This man turned and spoke to some one else, and witness understood him to say "Here comes Dick." Witness' name was Dick Lawrence. He further testified that he saw someone come out of the building, and that it was this appellant. Lawrence swore that appellant came out on the platform, jumped down, ran to the car, got in same and hurried away. Appellant's familiar name appears to be Pete. Lawrence testified that as appellant started to get off the platform witness called to him and said "Don't run Pete, I know who you are." When appellant got in the car and started away witness fired at the car and struck the left front fender and the motor, as he later found out. He found appellant about four o'clock at the home of the latter. Examining appellant's car, he found a bullet hole going through the fender and where a bullet had struck the motor. It was a fresh hole. He testified that it was a moonlight night, but he did not undertake to say in what part of the heavens the moon was. This witness also testified that he was down at the ice plant that night where he arrested a man who was trying to break in the ice plant. This happened about twelve-thirty, and this fact was elicited from him on cross-examination. Witness very positively identified appellant as the man he saw come out of the alleged burglarized building. It was shown by other testimony that the building was locked when its occupants left it the night before, and that the lock was gone when the burglary was discovered. The lock was never found. We see no need for further discussion of the facts, which seem ample to support the conclusion of guilt. In his brief appellant insists that it was fundamental error for the court not to charge on circumstantial evidence. No exception was reserved to the charge of the court. The charge thus appearing to be satisfactory to the appellant, we must decline to hold the failure to submit a charge upon such theory to be such error as

calls for a reversal. Jazo v. State, 114 Texas Crim. Rep., 567; Nicholson v. State, 20 S. W. (2d) 762; Duffer v. State, 115 Texas Crim. Rep., 513; Jennings v. State, 51 S. W. (2d) 341.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The identity of the appellant as the person who was present at the time the burglary was committed and the person who fled in his automobile into which the officer fired is challenged. Appellant testified in his own behalf and admitted his presence near the scene of the alleged offense. He also admitted that he had been fired upon as he drove away in his automobile and one of his tires punctured by one or more of the bullets that were fired at him. Appellant contends that the moonlight was not sufficient to enable the officer to recognize the accused. This contention is based upon the fact that the moonlight was not sufficiently bright. Upon that issue there was an effort upon the part of the appellant to introduce an almanac in evidence. The State's testimony was to the effect that the burglary was committed about two o'clock in the morning and that the moon at that time was shining brightly. The bill of exception with reference to the matter is copied as follows:

"Be it remembered that upon the trial of the above entitled and numbered cause, Mr. Donley Suddath, attorney for the defendant, offered to introduce in evidence an almanac showing what time the moon set on the night the offense is alleged to have occurred which was the _____ day of _____ 1933, and thereupon the following proceedings were had which are set out in question and answer form:

"Mr. Donley Suddath: 'I would like to introduce in evidence the almanac showing the moon set on that night.'

"Mr. Hall, County Attorney: 'What almanac is that?'

"Mr. Suddath: 'Mother's Friend or something like that—Ladies Birthday Almanac. The almanac shows that on the 2nd day of September, 1933, being Saturday, the moon set at 3:31 A. M.'

"Mr. Hall, County Attorney: 'Set where?'

"Mr. Suddath: 'Over in the West.'

"Mr. Hall, County Attorney: 'Object to this testimony as being heresay.'

"Mr. Suddath: 'That is scientific information.'

"COURT: 'Sustain the objection.'

"Mr. Suddath: 'You refuse to let me introduce the almanac?'

"COURT: 'Yes.'

"Mr. Suddath: 'Exception.' "

"And the court refused to permit counsel for the defendant to introduce in evidence the almanac showing the time of the setting of the moon on the 2nd day of September, 1933, and to which action of the Court the defendant then and there in open court excepted and tenders this his bill of exception and asks that the same be signed and filed as a part of the record in this case."

In approving the bill the following statement is made by the trial judge: "Allowed and ordered filed by the District Clerk of Clay County, Texas, as a part of the record in this cause, this the 18th day of December, 1933, subject to this explanation: *There was no evidence offered to show whether the almanac was correct; it purported to be published by the Chattanooga Medicine Co., advertising Black Draught and Cardui.*"

There was no exception to the qualified statement of the court.

Appellant cites many precedents to the effect that judicial knowledge may be taken of the rising and setting of the moon. See Underhill's Crim. Ev., 3rd ed., p. 58, sec., 59; also Wharton's Crim. Ev., 10 ed., vol. II, p. 1122; Cyc. of Law & Proc., vol. 16, p. 856.

The evidence in the present instance is to the effect that the offense occurred on a bright moonlight night at about two o'clock in the morning. What the almanac would have shown is not revealed by the bill of exception. In his motion for rehearing appellant stresses his contention that the court held the almanac inadmissible upon a ground not specified by the State's attorney in his objection. In this respect the qualified bill of exception is in conflict with the appellant's position. The qualified bill shows that there was no evidence before the court to show the correctness or authenticity of the almanac. The evidence disclosed that the offense occurred at about two o'clock in the morning. According to the bill, the almanac would have shown that on the night of the alleged offense the moon set at 3:31 A. M. We are unable to perceive any conflict between the almanac and the State's evidence that was material. From the bill as qualified, this court is manifestly not in a position

to sustain the appellant's contention as set out in Bill of Exception No. 1.

The motion for rehearing is overruled.

*Overruled.*